## WHITEHEAD v. COX.

No. 14187—Opinion Filed Sept. 25, 1923.

(Syllabus.)

**1. Venue—Jurisdiction of Nonresidents.**

Under section 205, Comp. Stat., 1921, an action may be brought against a nonresident of this state in any county in which there may be property of or debts owing to such nonresident, and upon legal service the court acquires jurisdiction over the subject-matter and subject of the action.

**2. Process—Summons to Other County—Jurisdiction.**

Under section 234, Comp. Stat., 1921, where an action is rightly brought in any county, a summons may properly issue to any other county in which any one or more of the defendants reside, and the court thereby acquires jurisdiction over the person of such defendant so served.

**3. Venue—Action Against Nonresident—Allegations of Petition.**

Where an action is brought in the district court of this state against a nonresident citizen, it is not necessary to allege in the petition that the defendant may be found in the county where the action is brought, or that he has property in the county where the action is brought, if in fact he has property in such county.

**4. Parties—Determination of Controversy.**

The court may determine any controversy between any parties before it, when it can be done without prejudicing the rights of others.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by Eugene Cox against James E. Whitehead. Judgment for plaintiff, and defendant brings error. Affirmed.

J. E. Whitehead, for plaintiff in error.

Sigler & Jackson, for defendant in error.

HARRISON, J. This action was brought by the defendant in error for the recovery of a sum of money, $1,734.92, alleged to be due him from the plaintiff in error.

This cause of action grew out of the following circumstances: The parties hereto were joint owners of a 100-acre tract of land situated in Carter county, each owning an undivided one-half interest. They had agreed to a sale of said land for a stipulated price, and had jointly executed a deed to the supposed grantee. Without Cox's knowledge, wholly unknown to him,

Whitehead delivered the deed and received part of the consideration, $1,500 in cash, and took promissory notes payable to himself for the balance, about $1,000, but kept the transaction concealed from Cox. The sale was made and deed delivered by Whitehead in January, 1921, but Whitehead kept it concealed from Cox until sometime in 1922, when Cox was informed by the grantee, Phelps, that he, Phelps, had bought the land and had paid all but a few hundred dollars of the purchase price to Whitehead; thereupon Cox went to see Whitehead, and Whitehead acknowledged that he had sold the land, delivered the deed, and collected the money, together with some rents due for previous years, and gave as his reason for not paying Cox that he did not have the money with which to do so, having already appropriated the money collected to his own use and benefit, but gave to Cox a statement of what was due him, there being approximately only about $34 or $35 difference between what Cox claimed and what Whitehead acknowledged was due Cox, and upon Whitehead's refusal to pay, Cox brought suit for the amount which under his figures was due him, $1,734.92, with interest at 10 per cent. from date of delivery of the deed, and also for rents collected by Whitehead and appropriated to his own use and for Whitehead's share of the taxes for previous years, which Cox claimed to have paid.

At the close of the testimony, the court instructed a verdict in favor of Cox for the sum of $1,607.85, the court having allowed some credits to Whitehead which in his judgment were proper, and of which no complaint is made. The jury returned a verdict accordingly for $1,607.85.

Also, simultaneously with the bringing of this action against Whitehead, Cox instituted garnishment proceedings against one B. C. Walden, who it was alleged in the affidavit of garnishment had money or property in his possession or under his control belonging to the defendant, Whitehead. Though duly served and proper return made of garnishment summons upon Walden in Carter county, he made no appearance and made no answer to the garnishment proceedings. Thereupon judgment was rendered against the parties, against Whitehead for the sum of $1,607.85, and also against the garnishee, Walden, and the case is brought here upon technical questions only.

No effort was made to disprove the liability of Whitehead for the debt, nor his obligation to pay same. Several minor and unimportant technical errors are assigned, such as insufficiency of affidavit in garnishment, insufficiency of garnishment summons, service and return, insufficiency of summons upon parties defendant, Whitehead, but the decisive question involved is that of jurisdiction of the trial court over the subject-matter involved. There is no question as to the court's jurisdiction over the "subject" of the action, it being the question of liability of Whitehead to Cox for a sum of money claimed to be due, and the cause of action having arisen in Carter county, but there was a question raised, and properly presented to the court below and is presented here as to the jurisdiction of the trial court over the "subject-matter" involved, viz., the property of Whitehead, whether Whitehead had property within the jurisdiction of the trial court, as under the statutes and the circumstances in this case, the situs of Whitehead's property fixed the venue of the action and thereby determines the jurisdiction of the court.

It is conceded, however, that, at the time suit was brought, Whitehead was a nonresident of the state. Suit was brought against him in Carter county and summons in the action and in the garnishment proceedings were both served upon him personally in Oklahoma county. There is no defect in the petition nor the summons, nor service of summons, nor return thereof in the principal action, that is, as to matter of form and substance, but it is contended that Whitehead, being a nonresident, but being temporarily in Oklahoma county, could be sued in Oklahoma county only, and therefore the district court of Carter county had no jurisdiction and its judgment was void for this reason. But the undenied facts are that the garnishee, Walden, had property in Carter county in his possession and under his control which belonged to Whitehead; this gave the court jurisdiction over the subject-matter; the cause of action having arisen in Carter county gave the court jurisdiction over the subject of the action, viz., the liability of Whitehead for the amount of money due. Whitehead, being a nonresident, could therefore be served in any county in the state. Section 205, Comp. Stat. 1921, which was in force at the time the action was brought, is as follows:

"In addition to the other counties in which an action may be brought against a nonresident of this state, or a foreign corporation, such action may be brought in any county in which there may be property of, or debts owing to such defendant, or where such defendant may be found; if such defendant be a foreign insurance company,

the action may be brought in any county where such cause of action, or any part thereof arose, or where the plaintiff resides, or where such company has an agent."

From the circumstances and facts disclosed in the record, the defendant being a nonresident, the action was properly brought in the county where defendant had property or debts owing to him.

See section 234, Comp. Stat. 1921, which provides:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

See Bank v. Ezzard, 58 Okla. 251, 159 Pac. 267. affirmed in 234 U. S. 631.

Therefore defendant was legally served with summons in Oklahoma county.

As further support of this proposition we might observe by analogy that under the statute on service by publication upon non-residents, to wit, sections 250-252, Comp. Stat. 1921, an essential requisite in obtaining service upon a nonresident by publication is that such nonresident cannot be served in the state, that is, in any county in the state, and the affidavit for service by publication provided for in section 251, supra, requires that this fact be made to appear, hence if it is essential to show that service on a nonresident defendant cannot be had anywhere in the state, it logically follows that if he can be personally served in any county in the state, such service would be valid and service by publication be denied as unnecessary.

However, it is not necessary to decide this case upon the foregoing reasoning, for defendant, Whitehead, having property or debts owing to him in Carter county, the cause of action having arisen in Carter county, the action was properly brought in Carter county, under section 205, supra, and defendant properly served in Oklahoma county, under section 234, supra. In Bohart v. Rep. Inv. Co., 30 Pac. 180, upon substantially the same statute, the Supreme Court of Kansas, through Morton, C. J., said:

"(1) An action for the recovery of money against a nonresident may be brought in any county in this state in which the defendant may be found or has property subject to the payment of his debts.

(2) Where an action is brought against a nonresident of the state in the district court, which is a court of general jurisdiction, it is not necessary to allege in the petition that the defendant may be found in the county where the action is brought, or that he has property in the county where the action is brought."

In principle the Kansas case is identical with the case at bar, except that in the Kansas case it was attachment and the Oklahoma case garnishment. The attachment in the Kansas case located the property belonging to the nonresident defendant; in the case at bar the garnishment proceedings located the property belonging to the nonresident defendant. In principle the two cases are identical, and in substance the statutes are identical, hence we are unable to see wherein any injustice was done to defendant, Whitehead, nor wherein any substantial error was committed by the trial court.

Contention is made as to whether there was a misjoinder of parties, or of failure to include necessary parties, but it is not made to appear from the record that the interest of any other party than Whitehead and the garnishee conflicted with the question of liability of defendant, Whitehead, to plaintiff, Cox; therefore the court could properly determine the controversy between Cox and Whitehead without prejudicing the rights of any other parties. See Haynes, Adm'x, v. City National Bank et al., 30 Okla. 614, 121 Pac. 182, wherein it is said:

"The court may determine any controversy between any parties before it, when it can be done without prejudicing the rights of others."

We find no substantial error in the record, and the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, NICHOLSON, COCHRAN, and MASON, JJ., concur. BRANSON, J., not participating.