**EASTON v. OWEN, YANCEY & FIST.**

No. 19622. Opinion Filed March 3, 1931.

Mather M. Eakes, for plaintiff in error.

Humphrey & Campbell and C. H. Rosentein, for defendants in error.

KORNEGAY, J. This proceeding in error brings before us the action of the lower court in sustaining a demurrer to the amended petition of the plaintiff. There had been various motions and amendments filed in the case, but finally the parties apparently wiped out everything else except the amended petition and the demurrer thereto, as is shown on pages 74 and 75 of the case-made.

The court below sustained the demurrer on all grounds stated therein. The record shows that the plaintiff elected to stand on the demurrer, and the defendants moved to dismiss the action, and the motion was sustained and the action was dismissed, and the plaintiff excepted, gave notice of appeal and brought it here in due time.

The amended petition is as follows:

"In the District Court of Tulsa County, Oklahoma.

"Jake Easton, Plaintiff, vs. Owen, Yancey & Fist, a partnership composed of Owen Owen, C. L. Yancey, and Henry Fist, Defendants. No. 40018.

"Amended Petition.

"Comes now the plaintiff, Jake Easton, and for his cause of action against the defendants, Owen, Yancey & Fist, alleges and states:

"First. That the plaintiff is a resident and citizen of the county of Tulsa, state of Oklahoma.

"Second. That the defendants Owen, Yancey, and Fist, at all times and in regard to all matters herein complained about, were and are a partnership engaged in the practice of law in the city of Tulsa, state of Oklahoma, said partnership being composed of Owen Owen, C. L. Yancey, and Henry Fist, each of them residing in the county of Tulsa, state of Oklahoma, and that in all matters herein alleged wherein the act of either of said partners is referred to, it is the act of the partnership, and for which the members of the partnership are jointly and severally liable.

"Third. That at the time of the making and entering into the contract and agreement hereinafter alleged between the plaintiff and the defendants, as attorneys at law, and of record, were in charge of and handling a certain claim, demand and cause of action or contract in favor of one W. A. Chamness and against E. H. Myers, Jr., et al., hereinafter referred to, which was in process of suit to judgment in the courts of Tulsa coun-

254.

ty and in other courts, and the said claim, demand, and cause of action was not finally concluded, nor the proceeds of the same collected until a time subsequent to the making and entering into the said contract and agreement hereinafter alleged.

"Fourth. That the said Owen, Yancey, and Fist, Owen Owen, C. L. Yancey, and Henry Fist, as a partnership, are jointly and severally indebted to the plaintiff in the just and full sum of $6,358.93, as damages for the breach of contract hereinafter more particularly described and set forth, together with interest thereon at the rate of 10% per annum from September 24, 1926, and 10% of said amount of principal and interest as attorney's fees.

"Fifth. That the said contract breached as alleged is this: On the 4th day of February, 1925, Owen, Yancey & Fist, represented by the said Henry Fist, for a valuable consideration of benefit to said Owen, Yancey & Fist, promised and agreed orally to and with this plaintiff, that they would pay the balance owed by one W. A. Chamness on a certain promissory note for the principal amount of $40,000, signed by the said W. A. Chamness and indorsed by this plaintiff, payable to the Exchange National Bank of Tulsa, Okla., which said balance owed was the sum of $6,358.93 principal, according to the true intent, terms, and tenor of said note; said payment to be made out of funds to be derived from the claim, demand and cause of action of the said W. A. Chamness against E. H. Myers, Jr., et al., whenever the same came into the hands of the said Owen, Yancey & Fist, as attorneys for the said W. A. Chamness, all of which was agreed to by the said W. A. Chamness; and, although the condition has been fulfilled and although payment is now past due and demand has been made therefor, defendants have failed and refused, and now fail and refuse, to pay the same, or any part thereof. A copy of said note of W. A. Chamness, payment of the balance due on which was assumed by the said Owen, Yancey & Fist, together with all credits and entries thereon, is hereto attached, marked exhibit 'A,' and made a part of this petition and of this paragraph thereof.

"Sixth. That subsequent to the making of said contract and agreement, and on or about the 1st of December, 1923, the law partnership of Owen, Yancey & Fist was dissolved, Owen Owen retiring from the firm, and the same being continued under the name and style of Yancey & Fist, and the handling of said claim for the said W. A. Chamness against the said E. H. Myers, Jr., et al., was continued by the later firm, Yancey & Fist. Of the terms of said dissolution or separation agreement, this plaintiff is not accurately informed, but alleges that the obligation herein declared upon was and is the obligation of the original contracting firm, Owen, Yancey & Fist.

"Seventh. That since the making of said contract and agreement between the plaintiff and defendants, Owen, Yancey & Fist, and the breach of the same by the said defendants, this plaintiff, as indorser on said note, has been compelled to pay, and has paid, the same, and is now the holder of said note.

"Eighth. That the consideration for said contract was the sum of $2,120 in money paid by this plaintiff to the said Owen, Yancey & Fist; and the delivering over to the said Owen, Yancey & Fist of a certain assignment made by the said W. A. Chamness to this plaintiff, conveying an undivided interest in the said claim, demand, and cause of action, arising on contract, held by said W. A. Chamness against E. H. Myers, Jr., et. al., a branch of which said claim, demand, and cause of action was then pending in the district court of Tulsa county, Okla., in which the said W. A. Chamness was plaintiff and the said E. H. Myers, Jr., and others were defendants, under docket No. 16397; and the further agreement by this plaintiff to forbear and forego the filing of said assignment for record, and the delivering of the same in trust to the said Owen, Yancey & Fist, to be held by them until payment was made by them of the balance due on said note as herein alleged; all of which consideration was of benefit to the said Owen, Yancey & Fist.

"Ninth. That the agreement, undertaking, and promise of said Owen, Yancey & Fist, to pay the balance due on said note from the said W. A. Chamness to the said Exchange National Bank, was absolute except for one condition subsequent, which has been fully performed, which condition was that said amounts would be paid when the defendants, as attorneys for the said W. A. Chamness in said claim, demand, and cause of action against E. H. Myers, Jr., et al. had collected or received the amount due by the said E. H. Myers, Jr., et al., to the said W. A. Chamness, which amount in the sum of approximately $47,000 was subsequently collected and received by the defendants, Owen, Yancey & Fist, who, after said sums had been received by them, failed and refused to pay the balance owed on the said note of W. A. Chamness herein described, and now fail and refuse to pay the same or any part thereof.

"Tenth. The balance of principal due on said note is arrived at as follows: This plaintiff and said W. A. Chamness were equally liable on said note for $40,000 hereto attached as exhibit 'A', and were equal owners of a certain oil and gas mining lease, and equally liable for the expense of operating the same. On February 11, 1925, all interest accrued on said note had been paid, and $2,000 had been paid on the principal, leaving a balance due on said principal, at that date, of $38,000. Thereafter the said lease was sold and the net amount derived from the same was $20,963.68; and the total amount of expenditures and liabilities as-

sumed was $40,437.16, leaving an excess of expenditures and liabilities over receipts of $19,473.48, of which amount the said W. A. Chamness was due half, or $9,736.94. Against this amount the plaintiff, Jake Easton, was due the net amount of $3,377.81, leaving the net amount due by the said W. A. Chamness, of $6,358.93, on said note. All of this will more fully appear by reference to a detailed statement of the account between the said W. A. Chamness and this plaintiff hereto attached and marked exhibit 'B', and made a part of this petition and of this paragraph thereof.

"Eleventh. That the relationship between the said plaintiff and this W. A. Chamness, as equal owners and joint operators of said certain oil and gas mining lease, has been closed, and there are no debts outstanding against them on account of or arising out of such relationship, and the only thing that remains to be done is the payment of the balance due on said note as heretofore alleged in this petition.

"Wherefore, plaintiff prays that he have judgment against the defendants, Owen, Yancey & Fist, for the sum of $6,358.93, principal balance due on said note, with interest thereon from the 24th day of September, 1926, at the rate of 10% per annum, and 10% of the principal and interest as attorneys fees.

"(Signed)   Mather M. Eakes,
"Attorney for Plaintiff."

The exhibits are lengthy, and we do not deem it necessary to here set them out.

The demurrer to the amended petition, which appears to have been sustained, can be found on page 54 of the case-made, and is as follows (omitting caption):

"Demurrer.

"Come now Owen, Yancey & Fist, a copartnership composed of Owen Owen, C. L. Yancey, and Henry Fist, and for their demurrer to the amended petition filed herein, alleges:

"1. That there is a defect of parties defendant in that the amended petition on its face shows that one W. A. Chamness is a necessary and indispensable party in order to enable the court to determine the controversy stated in the amended petition, and the said W. A. Chamness is not made a party to this action.

"2. That several causes of action are improperly joined.

"3. That the petition does not state facts sufficient to constitute a cause of action.

"4. That the cause of action attempted to be alleged in the said amended petition appears to be based upon a contract that is within the statute of frauds, and is unenforceable.

"Wherefore, this defendant prays the court to sustain its demurrer on each of the grounds herein alleged, and to dismiss the cause with prejudice.

"Humphrey & Campbell,
"C. H. Rosentein,
"Attorneys for Owen, Yancey & Fist."

We are now called upon to decide whether the judge of the lower court was justified in sustaining the demurrer. The matter has been briefed by the plaintiff in error and a large part of that brief, namely from pages 5 to 29, is devoted to proving that the statute of frauds in this case would not prevent a recovery, if the allegations of the petition are true.

The defendant in error in its brief at page 2 concedes that the statute of frauds (Comp. St. 1921, sec. 5034, subd. 2) would not deprive the plaintiff of a right to get into court.

The second division of the brief of plaintiff in error, from page 29 to page 40, is devoted to the establishment of the fact that there was a cause of action, and cites numerous authorities tending to so show.

In the third subdivision of the brief of plaintiff in error, shown on page 40, it is averred that there was only one cause of action and that there was no misjoinder of causes of action.

In the fourth subdivision of the brief of the plaintiff in error it is contended that "there was no nonjoinder of parties defendant."

The brief of the defendant in error contains four propositions, the first being on page 4, as follows: "The defendant, Owen, Yancey & Fist, a copartnership organized to engage in the practice of law, could not be legally bound to perform a guaranty contract made by one of its members."

Authorities were cited upon the proposition. We do not think that the authorities cited are applicable to the proposition we have here.

The second proposition of the defendant in error can be found on page 11 of its brief, and is as follows:

"The amended petition upon which this cause was disposed of does not state a cause of action, for the reason that the contract pleaded shows an undertaking on the part of the partnership to pay the balance owed by one Chamness on a certain promissory note upon which he was liable jointly with the plaintiff, and that said obligors were partners in a business enterprise, in the conduct of which the said note was executed, and that the balance of the debt of Cham-

ness on the said note was the full extent of the liability of the defendants, the amount of which balance could not be determined within the term of the contract sued on, in an action to which Chamness was not a party."

The argument is made that because the amount that Chamness owed on the debt was not fixed, therefore the case could not be determined in an action in which Chamness was not a party. We cannot agree with the contention contained in that proposition. If on the trial of the action it should develop that Chamness was an indispensable party, the court undoubtedly would have authority to make him a party and to have him brought in.

Section 224 of the Statutes of 1921 is as follows:

"224. Necessary parties to be brought in. The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

Under this section, if on investigation on the merits it should be found necessary to bring in W. A. Chamness, the court would have power so to do.

It does not appear from the petition in this case that W. A. Chamness is an indispensable party. It does appear, however, that the defendants, a firm of lawyers, having in hands a collection on a cause of action, one-half of which had been assigned to the plaintiff, did agree, when the money was collected, to apply a part of it to the satisfaction of a note that Chamness owed to the Exchange National Bank, on which the plaintiff, Easton, was liable as an indorser, and that plaintiff had taken it up and the defendants had gotten money to pay it with, and refused to do it, and that the plaintiff was seeking indemnification out of the funds in the hands of the defendants, one-half of which had been assigned to him.

It does not appear that Chamness, under these conditions at this time, is an indispensable party. See Haynes, Adm'r. v. City National Bank, 30 Okla. 614, 121 Pac. 182, cited and followed in Whitehead v. Cox, 95 Okla. 198, 218 Pac. 867.

The third proposition of the defendant in error, whose interest is to sustain the action of the lower court, is as follows:

"The amended petition states no cause of action because it shows that guarantors have been exonerated by act of the plaintiff and Exchange National Bank, the beneficiaries, in disposing of the lease securing the note at a nonjudicial sale and at a sale not authorized by the note inself, and by permitting a payment to be made upon the note out of the proceeds of such sale, in an amount far less than the sum realized from the property."

We cannot agree that in this case the fact that Easton had been compelled to pay the note, which defendants had agreed to pay out of funds in their hands for that purpose, would relieve them of the agreement so to do. They should account.

The fourth proposition is stated on page 31 of the brief of the defendant in error, and is as follows:

"The amended petition did not state a cause of action for the reason that the note which defendant guaranteed to pay is not a promissory note and does not import an obligation on the part of W. A. Chamness, and under exhibit 'A' no balance could become due and payable by the guarantor."

The argument is made that by its terms the note that the defendant is alleged to have agreed to pay out of the money in its hands belonging to Chamness, one-half of which was assigned to the plaintiff, was defective, and therefore defendant would not be required to account to the plaintiff for the money so received.

We cannot agree with this idea. We think that the defendants, if they got the money, under the circumstances shown in this petition, are liable to the plaintiff and should pay him.

The fifth proposition of the defendants in error urged as a ground for sustaining their demurrer, is as follows:

"But conceding that the figures may be used for the purpose of supplying the defect in the note, the note becomes one for only $30,000, and the indorsements of payment thereon and the granting of credits by the plaintiff, according to his exhibit 'B', shows conclusively that there is no balance due on the note which is owed by Chamness, which defendant becomes obligated to pay under the guaranty."

The argument in support of this fifth proposition would be applicable on an accounting had on a trial wherein both sides would introduce the facts relied upon, but on a demurrer we do not think the argument applicable, or the proposition sustainable.

The case is therefore reversed, with directions to the lower court to set aside the order sustaining the demurrer, and to set aside the order to dismiss, and to reinstate the case, and to require the defendant to plead

further, and the cost of this proceeding in error will be taxed to the defendant in error.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.