## STANDARD OIL CO. v. GLENN.

No. 9274—Opinion Filed Dec. 3, 1918.

(176 Pac. 900.)

### Oil and Gas—Overflow of Oil—Injury to Land—Evidence.

Evidence examined in the instant case, and held to be sufficient to warrant the court in submitting to the jury the question of negligence charged against the defendant by the plaintiff.

(Syllabus by Davis, C.)

Error from County Court, Payne County; Wilberforce Jones, Judge.

Action by W. M. Glenn against the Standard Oil Company, an Indiana corporation. Verdict and judgment for plaintiff, motion for new trial overruled, and defendant brings error. Affirmed.

Ames, Chambers, Lowe & Richardson, for plaintiff in error.

Thomas A. Higgins and Sylvester J. Berton, for defendant in error.

Opinion by DAVIS, C. This action was instituted in the county court of Payne county, Okla., by W. M. Glenn, plaintiff, against the Standard Oil Company, a corporation, defendant, to recover damages alleged to

have been sustained by plaintiff by reason of oil having escaped from certain oil tanks and tank dykes owned and operated by the defendant and flowed upon the lands and tenements owed by plaintiff.

The parties will be referred to as they appeared in the trial court; that is, defendant in error as plaintiff, and plaintiff in error as defendant.

The answer of the defendant was a general denial. On the issues formed by the pleadings, the cause was submitted to a jury and verdict returned in favor of the plaintiff for the sum of $250. A motion for a new trial was filed and overruled. From the action of the court in overruling this motion an appeal has been prosecuted to this court.

There is only one question presented here for review. Does the evidence show any actionable negligence on the part of the defendant that warranted the submission of the cause to a jury? It is conceded by defendant in its brief that this is the sole question relied upon to secure a reversal of this cause. It is urged by counsel for defendant that there is no evidence that shows any negligence on the part of defendant, and therefore it was error to submit the cause to a jury.

It appears that the defendant was the owner of a large number of oil tanks located on a farm just west of the farm owned by plaintiff, and that these tanks are surrounded by tank dykes, which are several feet high. These dykes are built for the purpose of conserving oil in case said tank so surrounded by said dyke should catch on fire and cause the oil to run out of the tanks. The evidence shows that there is an open drainpipe in the bottom of the dykes and any oil that might accumulate in the dyke would pass through this drainpipe onto the lands of plaintiff. The evidence shows that B. V. Barr, the superintendent of the defendants, was at the particular dyke where the oil came from that flowed onto the lands of plaintiff, on or about the 10th day of February, 1916, and saw oil running out of the drainpipe of said dyke, and testified that at that time there were 25 or 30 barrels of crude petroleum accumulated in said dyke. Oil continued to come through this drainpipe at the bottom of the fire wall that surrounded this dyke for a long period of time after the 10th day of February, 1916, and complaint was made by plaintiff, and yet the only effort made to close this drainpipe by defendant was to throw a little dirt over one of its apertures. The situation of the tank and dyke with reference to the lands of plaintiff was such that all of the oil that escaped through this drainpipe went directly onto the lands of plaintiff.

Did defendant exercise such care, after the discovery that the oil inside this dyke was running through the drain onto the premises of plaintiff, as a reasonable and prudent person would ordinarily have done under the circumstances? Was the act of throwing some dirt over one of the apertures of the drainpipe sufficient precaution upon the part of defendant to relieve it from such damages as may have been suffered by plaintiff by reason of the escape of the oil through the drainpipe after knowledge was brought home to defendant of the accumulation in the fire wall of the oil, and complaint had been made by plaintiff of it? This certainly presents a question concerning which all reasonable minds might not reach the same conclusion. The tanks and dykes were the property of defendant, and it was certainly its duty to exercise ordinary care to prevent any oil from escaping and flowing onto the adjacent premises. Defendant was bound to know that unless the drainpipe was closed the oil which had accumulated in the fire wall must escape and flow onto the premises of plaintiff. As to whether or not the defendant's acts in attempting to close this drainpipe were sufficient to relieve it from actionable negligence was properly submitted to a jury. There is no complaint made here as to the correctness of the instructions of the trial court. The jury decided adversely to the defendant. This being the only question presented by defendant in its brief, it follows that the judgment of the trial court should be affirmed.

We therefore recommend that the judgment of the county court of Payne county, Okla., be affirmed.

By the Court: It is so ordered.