## COMAR OIL CO. v. LAWRENCE.

No. 20418.   Opinion Filed Sept. 22, 1931.

Thompson, Mitchell, Thompson & Young, S. J. Foulis, Joe T. Dickerson, Jr., and John R. Moran, for plaintiff in error.

John S. Burger, M. L. Opperud, and O. B. Martin, for defendant in error.

CLARK, V. C. J.   This is an action commenced in the district court of Kay county by defendant in error herein, Mary M. Lawrence, against plaintiff in error herein, Comar Oil Company, a corporation, for damages to house, fences, and crops by reason of the defendant permitting oil and gas to spray and blow from their lease upon the properties of the plaintiff. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged for her first cause of action in her second amended petition, that she was the owner of the land described therein and had been at all times mentioned in said petition. That plaintiff, as such owner, by and through her tenants, cultivated, produced, and raised valuable crops, pastures, orchards, fruit trees, flowers, produce, and live stock on said lands. That defendant, during the years 1924, 1925, and 1926, was engaged in the drilling of oil wells on adjoining property to the plaintiff, and while so engaged, they negligently, carelessly, willfully, wrongfully and without regard to the rights of the plaintiff herein, caused great damage to this plaintiff and her property. That on the 6th day of January, 1926, the defendant, while carelessly and negligently producing and maintaining oil and gas wells on a lease known as "the Biddle lease," adjoining plaintiff's land, without regard to the rights of the plaintiff, permitted oil and gas to spray from said Biddle well on to the house and home, lawn, garden, lot, flowers, orchard, and fruit trees of plaintiff for a period of approximately eight hours, and the same acts occurred again on the following day for a similar period of time, and the same acts occurred again on or about June 1, 1926, and also from gas traps and waste pipes near said well, all of which caused the plaintiff damages, which items of damages are enumerated in said petition. The total damage was $1,490.

Further alleged in said cause of action that, by reason of said acts of the defendant, the home and homestead became unfit for use and occupancy by her, and she was compelled to live elsewhere for a temporary period of time, to her damage in the sum of $150.

Plaintiff, for her second cause of action, states that defendant, while engaged in the drilling, operating, and maintaining of oil and gas wells upon the adjoining property to the property of plaintiff, described in petition, laid, maintained, repaired, dug up, and removed oil, gas and water pipe lines upon, through and across the land of plaintiff, and while negligently, carelessly, willfully, and wrongfully laying, maintaining, repairing, digging up, and removing the said oil, gas and water line upon the property of plaintiff, the defendant damaged the plaintiff, in the several items of damages and the amounts thereof, in the total sum of $721.

The plaintiff, for her third cause of action, alleged that defendant, while digging, operating, maintaining, and producing oil and gas wells upon the property of plaintiff herein, during the month of January, 1926, and while digging a slush pond for their well No. 1, wrongfully, willfully, carelessly, and negligently broke off and destroyed six fence posts, damaging the plaintiff in the amount of $10, and further alleged that, in May, 1926, defendant, while filling up the slush pond of its well No. 1, on plaintiff's land, wrongfully, willfully, carelessly, and negligently tore down the fencing and fence post near the said slush pond, and further damaged plaintiff in the sum of $10.

That plaintiff, for her fourth cause of action, alleged that the plaintiff and defendant, on the 10th day of August, 1925, entered into a surface lease agreement covering certain lands therein described and defendant orally agreed to keep the property fenced. That due to failure of defendant to fence the said lands plaintiff's stock were permitted to escape from her premises, all to her damage in the sum of $100.

The defendant filed demurrer to plaintiff's petition, which was overruled. Thereafter, the defendant filed its answer to each of the causes of action of the plaintiff in the nature of a general denial. The cause came on for trial before a jury, and at the close of plaintiff's evidence, the demurrer of defendant to the evidence of plaintiff on her first, second, and third causes of action was overruled. The demurrer of the defendant to the evidence offered by the plaintiff in support of her fourth cause of action was sustained. At the close of all the evidence, the court instructed the jury, and the jury returned a verdict for the plaintiff for the sum of $1,400. Judgment of the court approving said verdict was duly filed in said cause.

Motion for a new trial was filed by defendant, and overruled, for which action the defendant excepted, gave notice of appeal in open court, and brings the cause here for review.

The plaintiff in error sets out eleven assignments of error, and in their argument present the assignments of error under five headings:

1. "The court committed a prejudicial error in overruling defendants' objections to the questions asked plaintiff's witness, L. H. Lawrence, in regard to the truth of the matters alleged in the petition."

"Q. Were the facts and things complained of as being done by the defendant done during the time you lived on this property?"

This contention is without merit, as the evidence of the witness disclosed that the witness was the son of the plaintiff, who was

74 years of age, and that he handled the business for his mother; and that he is and was personally familiar with the allegations and facts alleged in the petition, and no showing is made where plaintiff in error was prejudiced by the admission of said evidence.

Plaintiff in error next contends:

"The court erred in giving instruction No. 4, which prevented the jury from considering the question of negligence and allowing the plaintiff to recover for damage to her property regardless of the question of whether or not such damage was caused by the negligence of defendant. The court also erred in overruling the defendant's demurrers to plaintiff's evidence for the reason that the evidence was insufficient to prove a cause of action in favor of the plaintiff and against the defendant."

Section 7969, C. O. S. 1921, provides:

"No inflammable product from any oil or gas well shall be permitted to run into any tank, pool or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells, or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

In construing section 7969, supra, this court, in the case of Comanche Drilling Co. v. Shamrock Oil & Gas Co., 122 Okla. 253, 254 P. 20, held, in the first and second paragraphs of the syllabus as follows:

1. "The failure to perform a statutory duty imposed by a valid statute under the police power of the state for the protection of the public is negligence per se."

2. "Where oil is produced and stored on the premises, it is the duty of the owner thereof to impound and retain it, and if he allows it to escape, he will be required to respond to any damage that may be occasioned to his neighbor as a direct and proximate result of such escaping oil; it being negligence per se to allow the oil to escape, provided that the person injured is free from negligence contributing to the injury."

And in the body of the opinion this court said:

"It is our duty to lay down the rule here that, where the owner of premises impounds crude oil upon his premises, and it escapes and results in injury and damage to his neighbor, under the circumstances and conditions delineated in requested instruction No. 4, supra, the owner of the premises is liable in damages, without regard to the negligence as inserted in such instruction."

The requested instruction did not have the word "negligently" therein, and the instruction given and complained of had the word "negligently" inserted therein. And this court held the trial court erred in refusing the instruction requested.

The defendant in the case at bar did not plead nor offer to prove that the plaintiff in any way contributed to the injury and damages complained of.

The evidence in the case at bar for plaintiff discloses that the defendant was operating its lease adjoining the property of plaintiff on the south, and permitted oil and gas from its well and traps and waste pipes to spray and blow over onto the lands and property of plaintiff, and in our opinion was governed by section 7969, supra, and the trial court did not err in the giving of the instruction complained of.

After a careful examination of the record, we are of the opinion that the court did not err in overruling the demurrers of defendant to plaintiff's evidence.

The plaintiff in error next contends:

"The court erred in overruling the defendant's motion to strike from the record and the consideration of the jury all evidence pertaining to damages alleged to have resulted from the laying of a pipe line owned by Ozark Pipe Line Corporation and in giving instructions Nos. 5 and 7 to the jury."

Instruction No. 5 reads as follows:

"If you find and believe from a preponderance of the evidence in this case that the plaintiff has been damaged to any extent by reason of the acts of the defendant in laying and maintaining pipe lines over and across the plaintiff's land in conducting operations for oil and gas upon plaintiff's land and upon adjoining lands, then your verdict should be in favor of the plaintiff for such amount as will justly compensate the plaintiff for the damages suffered because of such acts, in no event to exceed the sum of $557.67.

"Given—Excepted by the Defendant—Exception allowed.

"W. E. Rice, Judge."

Instruction No. 7 reads as follows:

"You are further instructed that the items of the plaintiff's alleged damage occasioned in connection with the laying of the pipe line known in the case as the Ozark Pipe Line Company line, namely, certain repairs to fences along the east line of the plaintiff's property, and the breaking into the plaintiff's wheat field by certain livestock, and damages done to the wheat in the shock, in order to charge the defendant in this case with such alleged items of damages, it would

first be necessary for you to determine from a preponderance of the evidence that this pipe line was a part of the operations of the Comar Oil Company, and in the event you find that such line was not the part of the operations of the Comar Oil Company, then it would be your duty to find in favor of the defendant on these items of damage.

"And you are further instructed that in the event you find in favor of the plaintiff and against the defendant on these items of damage, you could only return your verdict for one-third of the amount claimed as such items of damage.

"Given—Excepted to by defendant and by plaintiff. Exceptions allowed.

"W. E. Rice, Judge."

Plaintiff in error contends that the testimony showed that the pipe line was the property of the Ozark Pipe Line Corporation and not the property of defendant. That the court by admitting the evidence pertaining to this item of damages, and by giving the instructions complained of, permitted the plaintiff to recover against the defendant for damages caused by another corporation.

The plaintiff's evidence on this point as to the pipe line is, in substance, as follows:

"Q. Mr. Lawrence, did you talk with the defendant, or have any dealings with them on behalf of your mother where they wanted to lay a pipe line across her land there from the Bechtel to the Duncan? A. Yes, sir; they come in there and claimed they was Comar people, and had a right to put that line across. * * * Q. Did they, in fact, lay a line—oil and gas line on there as a result of that deal? A. Yes, sir."

A grant was executed for said line by plaintiff which run to Ozark Pipe Line Company.

"Q. Did it run in favor of the Ozark Pipe Line Company? A. Yes, sir; but they claimed they were Comar institution and we had to accept it that way."

After examination of the record, we are of the opinion that the court was justified in submitting this question to the jury, and that the instructions complained of, taken into consideration with the instructions as a whole, fairly and reasonably stated the law and placed the burden upon the plaintiff to prove her case.

The plaintiff in error next contends:

"The court erred in overruling the defendant's motion to strike from the record evidence pertaining to damage to crops on the 16 acres for which the plaintiff obtained cash rent, and that the court erred in permitting the plaintiff to amend her petition to recover the difference in the rent contracted for and the rent actually received."

At the close of the evidence plaintiff was permitted to amend her petition to conform to the proof, and to allege damages resulting to that portion of her farm on which were growing the alfalfa, cane hay, and wheat, to show the damage to be the difference between the amount of rent that she actually received from this portion of her land and the amount contracted for prior to the alleged damage.

The evidence disclosed that plaintiff received $125 per year cash rent for the 16 acres, before the damage to same by defendant, and that after the damages she received $40 per year cash rent. Plaintiff was thereby damaged to the extent of the difference in the rental value of said lands before the damage done thereto by defendant, and the rental value thereof after the damage was done, and this assignment of error is without merit.

Plaintiff in error's next contention is that the verdict of the jury was excessive.

In the case of Greenback v. Cooper, 138 Okla. 56, 280 P. 466, this court in the first paragraph of syllabus said:

"Where, in a law action, a controverted question of fact is submitted to and decided by a jury upon conflicting evidence, under proper instructions, the verdict of the jury will not be disturbed upon appeal, if there is any competent evidence reasonably tending to support the same."

The plaintiff's proof shows damages in a considerable amount over $2,000, and the verdict of the jury was for $1,400, and in our opinion there was competent evidence reasonably tending to support the verdict of the jury.

A careful examination of the record discloses that plaintiff in error had a fair trial before a jury and lost. There being no prejudicial errors in the record, and the verdict of the jury not being excessive, judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1), (2) Annotation in 15 L. R. A. (N. S.) 535; 20 R. C. L. 76. (3) Annotation in L. R. A. 1916B, 563: 2 R. C. L. 203; R. C. L. Perm. Supp. p. 377.