## TWIN STATE OIL CO. v. LONG et al.

No. 22532. Jan. 8, 1935.

Rehearing Denied Jan. 29, 1935.

C. A. Toler and Geo. H. Bowen, for plaintiff in error.

Walter Mathews, for defendants in error.

CULLISON, V. C. J. This is a suit to recover damages for injury to plaintiff's orchard. Plaintiff owned a tract of land on which was located an orchard of peach and apple trees. A ravine ran through the orchard and the trees in question were located on the slopes leading down to the ravine. Plaintiff introduced testimony showing that the defendant drilled an oil and gas well some distance south of plaintiff's orchard; that the well produced some gas and salt water for a few days, causing the salt water to be sprayed into the air and carried by the air down on plaintiff's orchard, killing the trees on both hill slopes

along said ravine. The evidence further indicated that native trees and vegetables between the orchard and well were not killed except close to the well.

Plaintiff obtained judgment, and defendant appealed and contends that there is no competent evidence in the record supporting the judgment for plaintiff on the measure of damages as instructed by the court.

The court followed the case of Sinclair Oil & Gas Co. et al. v. Allen, 143 Okla. 290, 288 P. 981, in instructing upon the measure of damages. The question was: What was the value of the land upon which the orchard grew just prior to the date of the alleged injury to said trees and the value of the land after the injury to said trees? This necessitated the introduction of evidence by plaintiff showing the value of the land with the orchard thereon immediately prior to the alleged injury and the value after said injury.

There is no sufficient competent testimony in the record showing the value of the land with the orchard thereon just prior to the alleged injury and shortly thereafter. The only testimony in the record from which the jury could have reached their verdict was testimony as to the value at the time of the trial. (R. 66.) Such evidence is not sufficient under the holdings of this court in the Sinclair Case, supra. This disposes of said appeal. The judgment of the trial court is reversed, with directions to proceed in accordance with the opinion.

RILEY, C. J., and ANDREWS, SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur.