## DENVER PRODUCING & REFINING CO. v. BUNCH et al.

No. 24845.   May 14, 1935.

Floyd C. Dooley and Stanley B. Catlett, for plaintiff in error.

Gordon Johnston and George E. Fisher, for defendants in error.

PER CURIAM. This is an action to recover damages for injury to plaintiffs' orchard consisting of plum, cherry, peach, and apple trees located on a tract of land owned by the plaintiffs. Plaintiffs introduced testimony showing defendant owned and operated an oil well approximately 260 feet west of plaintiffs' orchard. That on or about the 15th day of March, 1931, defendant, through its agents and employees, negligently opened certain valves on said well, permitting crude oil to escape and flow therefrom for 45 minutes, and same was carried by wind and sprayed plaintiffs' orchard, killing fruit trees therein.

The only evidence offered with reference to damages suffered was that of nurserymen testifying with regard to value of fruit trees killed and damaged.

Plaintiffs obtained judgment, and defendant appeals, assigning errors:

(1) That the court erred in refusing defendant's special instruction No. 1; and that court's instructions given to jury were erroneous.

(2) The court erred in admitting incompetent evidence over objection of defendant.

(3) That the verdict is not sustained by any evidence which would justify the jury in rendering verdict against defendant.

1. The first and third assignments will be considered together. Defendant requested the court to give instructions that the measure of damages to plaintiffs' property, if any, would be the difference between the actual value of said property immediately before the injury and the actual value of said property immediately after the injury. The trial court refused to give this instruction and due exception taken. The court failed to instruct the jury along this line. The instruction given by the court by which damages could be found was as follows:

"Under the law of the state of Oklahoma, it is unlawful for any owner of an oil well to suffer oil to escape therefrom or to be blown upon the premises of another. Now, then, if you believe and find from a preponderance of the evidence in this case that the defendant company did, on or about the 15th day of March, 1931, suffer or permit oil to escape from its oil well which reached the premises of the plaintiffs in this case and did any damages to their trees, the plaintiffs then would be entitled to recover whatever damage they sustained thereby, not to exceed the sum of $1,400. These are questions of fact for you to determine from the evidence, first, as to whether any oil escaped from the well of the defendant, and, second, whether there was any damage done thereby, and if so, the value of the damage done thereby, and if so, the value of the damage, taking into consideration the value of the trees that were destroyed or damaged thereby."

Defendant excepted to the giving of this instruction and other instructions of the court.

The instruction requested by the defendant was a proper instruction on measure of damages. Sinclair Oil & Gas Company v. Allen et al., 143 Okla. 290, 288 P. 981. Plaintiffs contend that the court's action is sustained by Chicago, R. I. & P. Ry. Co. v. Swinney, 60 Okla. 115, 159 P. 484. This case is not decisive of the question, as stated in body of opinion:

"We do not consider it necessary for us to determine in this case whether the true measure of damages is based upon the value of the trees destroyed and injured or solely upon the difference in value of the land before and after the fire, since, under the authorities above quoted, the evidence offered by the plaintiffs was clearly competent, and the court committed no error in overruling the objections of defendant thereto."

If further appears from reading the case that the defendant therein did not demur to the evidence, and requested no instructions of the court, nor did it except to the instructions given by the court. The court held that, failing to do this, the defendant could not complain for the first time in this court that the jury did not apply the true measure of damages.

In the present case the defendant did demur to the evidence of plaintiffs, saving exceptions, moved for directed verdict after all evidence was in, excepting to failure to sustain, requested instruction on measure of damages, excepting to failure to give same, and took exceptions to instructions given by the court.

There was no evidence offered as to the value of the premises before and after the injury, and this was brought to the attention of the trial court as above stated. This court has approved rule on measure of damages contained in defendant's requested instruction in the recent case of Twin State Oil Company v. Long, 170 Okla. 413, 40 P. (2d) 650. The defendant's first assignment of error is well taken.

There being no evidence offered as to value of land immediately prior to and immediately after injury, the third assignment of error is good. Twin State Oil Company v. Long, supra.

Defendant further assigns error in admission of testimony of expert witnesses as to damages suffered by reason of destruction and injuries to trees. This was competent evidence to be considered together with evidence of value of premises immediately before and after injury, and may support a judgment for damages, not in excess of the difference in the value of the premises before and after injury.

The judgment of the trial court is reversed, with directions to proceed in accordance with this opinion.

The Supreme Court acknowledges the aid of Attorneys John L. Arrington and A. B. Campbell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Arrington, and approved by Mr. Campbell, the cause was assigned to a Justice

of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.