**DARBY PETROLEUM CORP. et al. v. MASON.**

No. 24630. Feb. 25, 1936.

Bowles & Bowles and Warren D. Abbott, for plaintiffs in error.

Cress & Tebbe and Henry S. Johnston, for defendant in error.

PER CURIAM. This is an appeal from the district court of Noble county in an action where John Mason, defendant in error, was plaintiff, and the plaintiffs in error were defendants. Plaintiff in his petition alleged that the defendants had permitted to escape, from their oil operations on leases owned by defendants, large amounts of salt water and refuse oil which had polluted the wells and ponds used by the plaintiff for drinking water and also for stock, which salt water and base sediment and petroleum oil were allowed to run over the land of the plaintiff, thereby damaging it, and that by reason thereof a large amount of stock was killed. The defendants filed a general denial, the issues were decided with the intervention of a jury, and a judgment was rendered in the sum of $3,500. The defendants appealed to this court and asked for a reversal of said cause and alleged 12 assignments of error. All of these assignments, however, are in reality covered by three general assignments in error, which are discussed as follows:

Plaintiffs in error contend that defendant in error alleged certain specific damage to the alfalfa and the trees, but that no testimony was offered in support of these allegations, and therefore any judgment entered is contrary to the law and the evidence. They further contend that the thing destroyed, although it is a part of the realty, has a value that can be accurately ascertained without reference to the soil on which it stands or grows. That recovery may be had for the value of the thing destroyed and not the difference of the lands before and after the destruction, citing the case of Armstrong v. May, 55 Okla. 539, 155 P. 238. We do not believe that the above case is decisive of the instant case because the facts and the cause of action are different. In the Armstrong Case damages were asked for a destruction of crops, some standing and some gathered, by reason of defendant, May, allowing his cattle to go into plaintiff's field. The only question involved was the value of the crop, which the court said had a separate and distinct value which was ascertainable. In the instant case the plaintiff claims damages by reason of the land being saturated with

oil and salt water to such a degree that the crops were killed and the trees died and the wells and streams became so polluted that they were no longer usable. In the one case the injury is confined to the crops, while in the other the land itself was injured. The damage to the specific items growing on the land is merged into the general damage to the land, and in the instant case it was not error for the court to instruct that the proper measure of damages was the difference in value of the land just prior to and just after the injuries.

Plaintiffs in error further complain that the proof as to the live stock is not sufficient to sustain the judgment, and that it was error on the part of the court to give an instruction as to the value of the live stock when sufficient proof had not been made as to their market value. In the evidence complained of the defendant in error and his witness testified that they figured certain brood sows at $50; that they would say that the horses were worth $125 apiece. While this evidence is not as positive as it might be, yet it was not in any way contradicted and was sufficient to sustain a judgment.

In the case of Great Western Coal & Coke Co. v. Serbantas, 50 Okla. 118, 150 P. 1042, it is said:

"The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly and immediately or by permissible inference, the essential facts."

Also, in the case of Missouri, Oklahoma & Gulf Ry. Co. v. Smith. 55 Okla. 12, 155 P. 233, syllabus 3 is as follows:

"The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove either directly or immediately, or by permissible inference, the essential facts."

These cases were cited with approval by the Supreme Court of this state in the case of McAlester-Edwards Coal Co. v. Stephenson, Adm'x, 126 Okla. 219, 260 P. 78, and in Baker v. Jack et al., 112 Okla. 142, 241 P. 478.

Plaintiffs in error further contend that a release executed by the defendant in error on the 13th day of January, 1921, to the plaintiffs in error, Mid-Co. Pet. Company, and the Guffey Gillespie Oil Company, is a full and complete release not only for all claims that arose prior to that particular date, but as to any damage which might accrue thereafter. An examination of this instrument, however, discloses that it was only made for the purpose of disposing of any damages that accrued prior to the date of the execution of that instrument.

In the case of Ramey et al. v. Baltimore & O. S. W. R. Co., 235 Ill. 502, 85 N. E. 639, the court said:

"A release on a certain date for all damages suffered on account of the overflow and detention of water on a farm is no defense to an action for like damages in subsequent years."

And in the case of Clark v. Clark, 197 Iowa, 257, 196 N. W. 1011, the court said:

"Generally, demands originating at the time a release is given, or subsequently, and demands subsequently maturing, are not discharged by a release, unless expressly embraced therein, or falling within the fair import of the terms employed."

An examination of the instrument, which was introduced in evidence in this cause, discloses that the same was executed for the purpose of discharging any liability or damage that had accrued up to that particular time, and that the parties to the contract did not intend that the instrument be a release from any future damage which might be sustained by the defendant in error.

We think there was no error committed by the trial court, and that every instruction requested by the plaintiff in error that ought to be given was generally and substantially given in the court's general instructions.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys C. A. Ambrister, Jay A. Anderson, and Forrester Brewster in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ambrister and approved by Mr. Anderson and Mr. Brewster, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.