## GULF PIPE LINE CO. v. ALRED.

No. 26648.   March 29, 1938.

James B. Diggs, William C. Leidtke, Russell G. Lowe, Redmond S. Cole, Cyrus L. Billings, and James B. Diggs, Jr., for plaintiff in error.

McCoy, Craig & Pearson, for defendant in error.

RILEY, J.  The appellant, defendant below, is a public service corporation and a common carrier of crude oil (secs. 11550-11564, O. S. 1931). It owned and operated a pipe line adjacent to plaintiff's premises. Plaintiff's premises consisted of 720 acres of land in Osage county, and upon this land plaintiff pastured 250 head of his cattle.

Oil escaped from defendant's pipe line, ran into a draw on plaintiff's land, and polluted stock water. The cattle drank therefrom and were injured and destroyed. Judgment for resulting damages was in the sum of $1,000.

The cause of action was based on acts of omission and commission on the part of defendant. Such averment in this character of an action, together with specific acts and omissions alleged, amount to a charge of negligence. There was no effort on the part of defendant to require the petition of plaintiff to be made more definite and certain. These allegations stated the existence of an instrumentality under the exclusive management and control of the defendant from which an injury resulted to plaintiff's property. When proved, there was constituted a prima facie cause of action for damages resulting from negligence to be inferred from facts and circumstances alleged and established. Likewise it was sought to predicate the cause upon a violation of section 11580, O. S. 1931, which prohibits and penalizes the act of allowing salt water, waste oil, and inflammable products from an oil or gas well to flow over land or into a tank, pool, or stream used for watering stock. Violation of the statute has been held to constitute negligence per se, and to justify damages "without proof of any negligence." Comar Oil Co. v. Lawrence, 151 Okla. 187, 3 P.2d 196; Devonian Oil Co. v. Smith, 124 Okla. 71, 254 P. 14. But it has been held that section 11580, supra, is not applicable to oil refineries not operated in immediate conjunction with oil or gas wells. Johnson Oil & Refining Co. v. Carnes. 174 Okla. 599, 51 P.2d 811.

It is not now seriously urged that the statute is applicable in the case at bar. It is urged that for the trespass upon plain-

tiff's property and the resulting damage caused by the dangerous instrumentality, to wit, oil, suffered by defendant to escape, liability for damages exists without proof of negligence.

This contention is based upon doctrine announced in the English case of Rylands v. Fletcher, 1 E. R. C. 236, L. R. 3 H. L. 330, 37 L. J. Ex. 161, 179 L. T. (N. S.) 220. That decision was held not in point in Gulf Pipe Line Co. v. Sims, 168 Okla. 209, 32 P.2d 902. In the latter case, an action for damages for personal injuries caused by the explosion of escaped oil, as reflected by the syllabus, we held it error to instruct the jury that plaintiff may recover his damages based on allegations of negligence irrespective of negligence on the part of defendant. A true rule was thereby stated. The common-law rule stated in the Rylands-Fletcher Case was quoted in the Sims Case to the effect that: One who brings upon his lands a dangerous instrumentality must keep it at his peril and failure to do so results in prima facie liability for damages resultant from the escape subject to the defense that the escape was due to plaintiff's default, an act of God, or vis major (an irresistible force or an inevitable accident).

As stated by our decision in the Sims Case, there has been in the development of American jurisprudence some refinements and departure from the rule stated in the Rylands-Fletcher Case in England nearly three-quarters of a century ago. An instance of this is the development of the doctrine of res ipsa loquitur. 45 C. J. 1193. It relates to the probative force of evidence. Griffen v. Manice (N. Y.) 59 N. E. 925, 52 L. R. A. 922. It does not dispense with the necessity of evidence of the defendant's negligence in any case, but on the contrary expressly requires it. The effect of this rule is that evidence of attendant circumstances is sufficient for an inference of negligence, without proof of any specific negligent act.

So, as applied to the case at bar, our decisions may be said to have drawn us away from the harshness of the common-law rule which deems a man to act at his peril particularly in handling dangerous substances; nevertheless our decisions frequently hold that circumstances attendant upon an accident are, of themselves, of such a character as to justify a jury in inferring that negligence of defendant caused an accident.

Especially would a jury be justified in indulging such an inference of defendant's negligence in such a case in the absence of plea and proof of such facts as would justify the belief that the damage was caused by an act of God, interposition of a third party, or an unavoidable accident, being unavoidable in the sense that construction of the safeguard was proper and adequate in the first instance and proper inspection failed to reveal defects arising from the eroding elements of time and use.

Such was the holding in Missouri, Behle et ux. v. Shell Pipe Line Corp., 17 S. W. 2d 656:

"Evidence of escape of large quantities of crude oil from pipe line run by defendant through plaintiff's land, rendering parts of land worthless for agricultural purposes, held to raise presumption or inference of defendant's negligence, entitling plaintiff to have issue of negligence submitted to jury without proof of specific negligence."

In the Sims Case there were allegations and proof of the intervention of a third party which tended to absolve the defendant from negligence. Herein there is an entire absence of any such plea or proof. The answer of defendant, after stating that defendant was a common carrier and admitting the location of its pipe line, concluded with a general denial.

The instruction given in the case at bar required the jury, as a condition to plaintiff's recovery, to find from a preponderance of the evidence, facts and circumstances submitted, that defendant in the operation of its pipe line adjacent to land of plaintiff permitted oil to escape, flow over the lands of plaintiff, and into a place thereon where plaintiff's cattle drank therefrom, and that as a proximate result the cattle of plaintiff were injured and destroyed.

The only omission that might properly have been added was admonition that in event the facts were so resolved a presumption of negligence may be therefrom inferred. We have heretofore ruled concerning the pleadings that a cause of action was stated. It consisted of averments of defendant's exclusive control of a dangerous instrumentality the escape of which was the proximate cause of plaintiff's damage. When these averments were proved, and they were, there then existed a prima facie cause for relief to plaintiff for the injury predicated upon defendant's inferred negligence.

There was no request for additional guidance to the jury save and except for a directed verdict for defendant. The jury did the very thing it would have been justified in doing under the facts and circumstances by a more detailed instruction as to presumptive negligence. Consequently there was no miscarriage of justice, and the omission of more detailed instruction bearing upon the degree of care required of defendant and the right to indulge a presumption of negligence, arising from a lack of exercise of such care, is harmless.

As stated in Elec. Supply Co. v. Rosser, 88 Okla. 220, 214 P. 1068:

"* * * No man is made an absolute insurer of his act, he is liable for injuries arising from his failure to act with that degree of forethought and intelligence which characterizes the conduct of prudent men in general." Jennings v. Davis, 187 Fed. 703; Standard Oil Co. v. Glenn, 74 Okla. 24, 176 P. 900.

From our review of the record we find defendant was afforded a fair trial, and the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur. HURST and DAVISON, JJ., concur in conclusion. GIBSON, J., dissents.