KAY PHARMACAL COMPANY, an Oklahoma Corporation, Plaintiff in Error,

v.

DALIOUS CONSTRUCTION COMPANY, a Co-Partnership, and the Aetna Casualty and Surety Company, Defendants in Error.

No. 36333.

Supreme Court of Oklahoma.

Nov. 9, 1954.

Geo. W. Reed, Jr., Harry Seaton, Tulsa, for plaintiff in error.

Gable, Gotwals & Hays, Tulsa, for defendants in error.

JOHNSON, V. C. J.

The parties here occupy the same relative positions as in the trial court and they will be referred to herein as they there appeared.

Plaintiff commenced this action in the Court of Common Pleas of Tulsa County,

Oklahoma against the defendants as contractor and performance bondsmen, respectively, to recover the sum of $1,298 with interest and costs allegedly due plaintiff by reason of contractor's faulty construction of the building. It was alleged that after plaintiff moved into the building on November 3, 1952, a controversy arose between the parties as to the condition of the building, with reference to the following items:

"(a) Plaintiff claimed 23 days from October 1 to November 3, 1952, at $10.00 per day, or $230.00;

"(b) Plaintiff put in a lock and the installation at a cost of $36.00;

"(c) Plaintiff put bars on the windows at a cost of $50.00;

"(d) Plaintiff installed sill cocks at a cost of $12.00;

"(e) Plaintiff cleaned up the yard at a cost of $50.00;

"(f) Plaintiff repaired the garage at a cost of $30.00;

"(g) The front door opened outward and the lock would not work and allowed air to come in around the door.

"That all these items amounting to $408.00 were involved; that payments had been made on the contract until there was only a balance of $1,654.05 due and that as a result of consultation and negotiation, the parties mutually agreed that the plaintiff would absorb all of the above mentioned items and would pay defendant, Dalious Construction Company, a balance of $1,500.00; that this was done and a mutual release was executed in November of 1952, a copy of which release is marked Exhibit 'C' and made a part of the petition."

The release reads:

"Mutual Release.

"Know All Men by These Presents:

"That for and in consideration of the sum of Fifteen Hundred ($1500.-00) Dollars cash in hand paid by Kay Pharmacal Company, a corporation of Tulsa, Oklahoma, to Dalious Construction Company, a co-partnership, consisting of R. G. Dalious, A. T. Hinkle and C. R. Ferran, receipt of which is hereby confessed and acknowledged, and in consideration of the representation of Dalious Construction Company, a co-partnership as aforesaid, that all bills for material used and labor performed in the construction and completion of a concrete block building upon

"Lots Three (3) and Four (4) of Block Twelve (12) Utica Addition to the City of Tulsa, Tulsa County, Oklahoma;

have been fully paid and discharged, it is hereby mutually agreed that Kay Pharmacal Company, a corporation, does hereby accept said building in its present condition as being in full and complete compliance with that certain written building contract entered into between the parties under date of July 2, 1952, wherein Kay Pharmacal Company was First Party and Dalious Construction Company was Second Party, *and each party thereto does hereby mutually remise, release and discharge the other party of and from any other or further liability, claims or demands of every name or nature growing out of, concerning or affecting the said contract and the construction and completion of said building thereunder and all matters connected therewith, and that said written contract has been fully performed and completed to the satisfaction of both parties.* (Emphasis ours.)

"Executed in duplicate this ——— day of November, 1952.

"Kay Pharmacal Company,
a Corporation,
"By ———, President
"Attest:       Dalious Construction Company, a co-partnership,
"By ———, A member of the Firm"

It was further alleged that thereafter and on the 6th day of December, 1952, the

walls cracked where they were joined to the basement; that the pilasters separated from the walls and that in April, 1953, the walls and floor cracked and leaked all due to faulty construction, faulty materials and poor workmanship in the erection and construction of the building; that the paint upon the outside of the building had not been stippled on, but had been smeared on and did not and does not keep out the water when it rains; that demands were made upon the contractor and bondsmen to correct the defects complained of and that they failed, neglected and refused to do so; that to place the building in the position or condition that it should have been or should be will cost the sum of $1,298.

Thereupon, the defendants filed a demurrer, which the Court sustained. The plaintiff refused to plead further and the Court dismissed the petition (or action) with prejudice, resulting in this appeal.

■ For reversal plaintiff presents the single issue of whether the trial court erred in sustaining the defendants' demurrer to its petition contending that the demurrer admitted all pleaded facts, and citing Sharp Lumber Co. v. Kansas Ice Co., 42 Okl. 689, 142 P. 1016, and other cases, which, as a general rule is true, but, as contended by defendants, a demurrer does not admit facts which are not pleaded, or legal conclusions.

■ The language of the emphasized portion of the release herein which was a part of the pleading clearly contemplates some possible liability or possible future claim in addition to that under discussion by the parties at the time the release was executed. We think the language in the release was broad enough to cover all demands or rights to demand, or possible causes of action, and constituted a complete discharge of liability, whether or not the various demands or claims were discussed or mentioned when the mutual release was signed, and whether or not the possible future claims were known. Houston v. Trower, 8 Cir., 297 F. 558. The reason for the rule is that one seeking a settlement and release has the right to buy peace from all future contention on the existing claims of every character, Id.

■ However plaintiff contends that there was no way of knowing that the building was defective as under the pleadings it later proved to be, citing in support of this contention Darby Petroleum Co. v. Mason, 176 Okl. 138, 54 P.2d 1046; Ramey v. Baltimore & O. S. W. R. Co., 235 Ill. 502, 85 N.W. 639; and Clark v. Clark, 197 Iowa 257, 196 N.W. 1011, (which cases are not in point) and arguing that a release must be construed in the light of the circumstances surrounding the parties at the time the release was entered into, which generally is true. But release provisions are contractual, and the language of a contract (release) is to govern its interpretation, if the language is clear and explicit and does not involve an absurdity. 15 O.S.1951 § 154. Plaintiff claims no right in equity to have this release held invalid as to it. It merely claims a mistake on its part in signing the release because the defects and the resulting cause of action were not then known. But it cannot be heard to claim, in the face of the release that it was not settling all claims for any reason arising out of the contract for construction of the building. If there was any doubt of the existence of other rights, or causes of action, it should have refrained from executing the release, or should have had it modified to cover only known claims.

The only possible legal conclusion that can be drawn is that the scope of the release in question embraced the cause of action stated in the plaintiff's petition, and that plaintiff was bound to take notice of the plain purport and legal meaning of the words used. The demurrer was properly sustained.

Affirmed.

HALLEY, C. J., and CORN, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ.