MID–CONTINENT PIPE LINE COMPANY, Plaintiff in Error,

v.

Barbara Geneva EBERWEIN and Anna May Paden, Defendants in Error.

No. 37804.

Supreme Court of Oklahoma.

Oct. 7, 1958.

As Corrected Oct. 7, 1958.

Rehearing Denied Dec. 16, 1958.

Application for Leave to File Second Petition for Rehearing Denied Jan. 6, 1959.

J. P. Greve, Ben Hatcher, Tulsa, for plaintiff in error.

John W. Tillman, Fred A. Tillman, Pawhuska, for defendants in error.

JOHNSON, Justice.

This is an appeal from an action wherein Barbara Geneva Eberwein and Anna May Paden sued the Mid-Continent Pipe Line Company to recover damages in the sum of $18,000 for alleged permanent damages to their lands by reason of the destruction

of plaintiffs' water supply caused by crude oil that escaped from the defendant's pipe line which extended across the plaintiffs' land. A jury trial approximately two years after the alleged pollution resulted in a verdict for plaintiffs against the defendant in the sum of $8,500. The trial court approved the verdict, rendered judgment thereon, and overruled defendant's motion for new trial, resulting in this appeal.

For reversal the defendant in its briefs and oral argument first contends that the court erred in refusing to give its requested instruction number 12, and in giving instruction number 9; that the plaintiffs did not adduce evidence of the value of their lands immediately before the injuries complained of, and the value of their lands immediately after the injuries complained of, which was required under the rule governing the measure of damages in the case; and, second, that due to the absence of a showing of negligence in operating the pipe line, the defendant could not be held accountable for such damage; third, that the escape of the oil was an unavoidable accident, which reasonable care and prudence could not have avoided.

Requested Instruction No. 12 provides:

"You are instructed that if you find from the evidence herein that plaintiffs are entitled to recover damages from defendant herein for injuries to plaintiffs' lands, the measure of such damages is the difference between the reasonable market value of said lands immediately before such injuries and the reasonable market value of said lands immediately after such injuries."

The instruction was refused, and in lieu thereof the trial court over defendant's objection and exceptions gave Instruction No. 9 which provided:

"You are instructed that if under the evidence and these instructions you find for the plaintiffs the measure of damages, if any, is the difference between the fair cash market value of the land prior to the escape of oil, and the fair cash market value of the land

after the oil escaped and the full extent of damage if any was ascertainable.

"If you find for the plaintiffs, in no event should your verdict exceed the sum of $18,000.00, the amount prayed for in their petition."

Thus, it is seen that but for the omission of the words "immediately before" and "immediately after" the requested instruction and the instruction given on the measure of damages are substantially the same.

■ An examination of the cases on the measure of damages, Twin State Oil Co. v. Long, 170 Okl. 413, 40 P.2d 650; Denver Producing & Refining Co. v. Bunch, 172 Okl. 209, 45 P.2d 117; Darby Petroleum Corporation v. Mason, 176 Okl. 138, 54 P.2d 1046, and Sinclair Oil & Gas Co. v. Allen, 143 Okl. 290, 288 P. 981, and other cases of similar import, clearly establish the rule in this jurisdiction to be that the measure of damages is, under factual situations similar to those in the case at bar, the difference between the reasonable market value of the premises immediately prior to and immediately after the injury. For other cases see West's Oklahoma Digest and Decennial Digest System, Damages, ☞110.

In the Sinclair Oil & Gas Co. v. Allen case, supra, in the first paragraph of the syllabus, in defining the measure of damages, and evidence necessary to support such measure of damages, this court said:

"In an action for damages to real estate caused by the pollution of a stream of water running through same, where, in addition to poisoning the water of such stream, valuable trees growing along the banks thereof are destroyed, if the injury cannot be abated by the expenditure of money or labor, the measure of damages is the difference between the value of the premises immediately prior to the pollution and after such pollution and destruction of timber, so that evidence of value of the land at the time of trial with. and without, such pollution alone is insufficient to support a verdict and

judgment for substantial damages, where the trial is had two years after the alleged pollution."

The plaintiffs' attorney, in his opening statement to the court and jury said:

"That the measure of damages in this case as defined by the Court will be the difference in the value of this farm before this break occurred and this oil was permitted to run out there and destroy their water supply—and all their water supply, and the value of the farm as it is now since this break has occurred."

and proceeded to adduce evidence in accord with this conception of the measure of damages in the case, and proved damages as of now, the time of the trial, which was two years after the injury.

 The plaintiff offered no evidence as to the value of the land immediately prior to, and immediately after, the injury, and defendant's first contention would be sustained had it not adduced evidence as to the value of the damaged premises and thereby established the value of the premises immediately prior to the injury, and immediately after the injury, which reflected admitted damages to plaintiffs' premises in the sum of $2,400. Where the defendant, as in this case, has produced evidence in its own behalf upon the very point upon which the plaintiffs' evidence is deficient and rendered insufficient to support a verdict for a substantial sum ($8,500) and supplies such deficiency, a verdict for plaintiff will not be set aside on the ground of insufficient evidence, but will be modified subject to plaintiffs' filing a remittitur in the sum of $6,100. Sinclair Oil & Gas Co. v. Allen, supra.

Defendant's second and third contentions hereinbefore mentioned are, in our opinion, without merit. It was admitted that a large quantity of oil escaped from the defendant's pipe line and flowed over plaintiffs' land, which polluted plaintiffs' source of stock water and totally and permanently destroyed it. This raised a presumption or inference of defendant's negligence requiring the cause to be submitted to a jury without proof of specific negligence. Gulf Pipe Line Company of Oklahoma v. Alred, 182 Okl. 400, 77 P.2d 1155; and where the defendant, as in this case, offered evidence in rebuttal on this issue that did not preclude the submission of the issue to the jury, the issue remained a question of fact for the jury under proper instructions. Id.

The judgment as modified is affirmed subject to the remittitur herein referred to being filed within ten days after the decision in the case; otherwise, the cause is reversed and a new trial granted.