**KERR–McGEE CORPORATION,**
**Plaintiff in Error,**

**v.**

**Evert R. PETCHINSKY and Phyllis L.**
**Petchinsky, Defendants in Error.**

**No. 41706.**

Supreme Court of Oklahoma.

Feb. 13, 1968.

Rehearing Denied March 19, 1968.

Lynn Adams, Kerr, Davis, Roberts, Irvine & Burbage, by Wm. Walter Hentz, Oklahoma City, for plaintiff in error.

Charles Sims, Seminole, for defendants in error.

McINERNEY, Justice.

Presented in this appeal is the question of the sufficiency of the evidence to support the amount of damages awarded by the general verdict of the jury in an action by landowner against a company for negligent injury to the land and livestock.

Evert R. Petchinsky and Phyllis L. Petchinsky (plaintiffs) alleged in their petition that a meandering stream running across their farm was polluted on or about May 4, 1963 by oil and salt water that was allowed to escape from the pipeline of Kerr-McGee Corporation (defendant) causing permanent damage to the land, requiring plaintiffs to expend funds to erect a fence to protect the cattle from consuming water from the polluted stream, which confinement resulted in the cattle losing weight by being deprived of pasture outside the fence. Plaintiffs sought judgment in the total sum of $2,377.40.

The jury returned a verdict of $2,377.40 which (after a remittitur of $210.00) consists of $1,000.00 as damage to the land, $1,040.00 as damage to the cattle and $127.40 for the expense of erecting the fence. Defendant contends the evidence is insufficient to support an award of damage to land or cattle.

The following appears in the record:

"Q. Are you, being a farmer, fairly familiar with the so-called market value of the farm?

A. Fairly good, yes, sir.

Q. Is this permanent damage to your farm or temporary?

A. Its permanent.

Q. Based upon your experience how much less is your farm worth permanently by reason of this pollution?

A. Right now I'd say it has decreased the value of my place way more than a thousand dollars and in another year or two it will decrease it more.

Q. Its your opinion that this damage will continue to increase?

A. Yes, it will just keep cutting new chanels."

On cross examination, he testified to the original purchase price in 1962 without relating this cost to the market value at the time of the pollution. Another witness produced by plaintiff testified that the value of the farm had "lessened" by reason of the pollution in the amount of "three to five thousand dollars" without stating either the market value at the time of the pollution or subsequent thereto. Plaintiff insists the testimony above is sufficient, when considered together with the fact that the jury verdict was unanimous, to sustain the award of damage to the land. The trial was held two years after the alleged pollution. Plaintiff argues that there is no distinction between establishing the reasonable market value before and after the pollution and establishing the difference between the two values. The distinction, of course, is that the former is evidence and the latter is a conclusion. We adhere to the rule set out in Mid-Continent Pipe Line Company v. Eberwein, Okl., 333 P.2d 561, on page 563, wherein, in a similar case, we quoted with approval the following language:

"An examination of the cases on the measure of damages, Twin State Oil Co. v. Long, 170 Okl. 413, 40 P.2d 650; Denver Producing & Refining Co. v. Bunch, 172 Okl. 209, 45 P.2d 117; Darby Petroleum Corporation v. Mason, 176 Okl. 138, 54 P.2d 1046, and Sinclair Oil & Gas Co. v. Allen, 143 Okl. 290, 288 P. 981, and other cases of similar import, clearly establish the rule in this jurisdiction to be that the measure of damages is, under factual situations similar to those in the case at bar, the difference between the reasonable market value of the premises immediately prior to and immediately

after the injury. For other cases see West's Oklahoma Digest and Decennial Digest System, Damages, 

"In the Sinclair Oil & Gas Co. v. Allen case, supra, in the first paragraph of the syllabus, in defining the measure of damages, and evidence necessary to support such measure of damages, this court said:

" 'In an action for damages to real estate caused by the pollution of a stream of water running through same, where, in addition to poisoning the water of such stream, valuable trees growing along the banks thereof are destroyed, if the injury cannot be abated by the expenditure of money or labor, the measure of damages is the difference between the value of the premises immediately prior to the pollution and after such pollution and destruction of timber, so that evidence of value of the land at the time of trial with, and without, such pollution alone is insufficient to support a verdict and judgment for substantial damages, where the trial is had two years after the alleged pollution.' "

For an extended discussion of this rule, and its consistent application in Oklahoma, see 49 A.L.R.2d 254, annotation: Damages —Pollution of Stream.

 Plaintiff testified further that twenty-six head of cattle lost an average of one hundred pounds each while confined behind the fence in the smaller pasture area. He expended no money for supplemental feed while the cattle were confined within the fenced area. He sold some cattle and the other cattle later regained their weight. There is no evidence of a monetary loss in the sale of a portion of the cattle, or permanent injury to the balance of the cattle. The evidence is insufficient to support a judgment for damages to the cattle in the amount found by the jury. Mulberry Oil Co. v. Penny, 195 Okl. 574, 159 P.2d 243.

 An examination of the record reveals that the evidence does not support the allegations of damage for the reasons stated above. The verdict and judgment based thereon will be reversed and the cause remanded for a new trial.

JACKSON, C. J., and IRWIN, V. C. J., and DAVISON, BLACKBIRD, BERRY and HODGES, JJ., concur.