## DUNN et al. v. DISTRICT COURT OF CARTER COUNTY.

No. 3958.     Opinion Filed November 16, 1912.

(128 Pac. 114.)

**VENUE—Transitory Actions.** Where an action is brought to recover damages occasioned by an alleged conspiracy on the part of defendants to deny plaintiffs the right to use certain land for pasture for cattle, and no judgment or relief is asked as to the real estate, the same involves damages to personal property, and is therefore transitory.

(Syllabus by the Court.)

*Application for Writ of Prohibition.*

Petition of T. H. Dunn, Robt. Gilliam, John Washington, and J. A. Chapman, for writ of prohibition to the District Court

of Carter County, presided over by Stilwell H. Russell, Judge. Writ denied.

*W. B. Johnson* and *L. S. Dolman,* for petitioners.

*Cruce, Cruce & Bleakmore* and *Kendrick, Davis & Smith,* for respondent.

DUNN, J.   May 11, 1912, there was filed in this court by petitioners a petition for a writ of prohibition to be directed to the district court of Carter county, Hon. Stilwell H. Russell, judge, prohibiting said court from proceeding with the trial of an action therein pending, wherein Elizabeth Nail and Hugh Rogers, as plaintiffs, had sued T. H. Dunn and others, as defendants; the contention here being that the venue of the action lay in Murray county, and that the district court of Carter county was without jurisdiction.

The petition in the lower court alleges, among other things, that plaintiffs are, and for a long time prior to the filing of the action had been, in the quiet, lawful, exclusive, and peaceable possession of certain described lands located in Murray county; that they were inclosed with a good wire fence, and are almost wholly suitable for grazing, and not suited for agricultural, purposes; that the plaintiffs had been using the same for such purpose, and during the year 1909 had pastured thereon about 2,000 head of cattle, which, in the months of June, July, and August, they shipped to the market; that after shipping the same, and on or about the 1st day of October, 1909, they purchased about 2,000 head of cattle, for the purpose of grazing and feeding them on the said pasture, and that, except for the acts of the defendants, they would have placed said cattle therein, and that, had they not been denied the right claimed, the said cattle would have made a profit to them of $16 per head, or an aggregate advance of $32,000; that the defendants above named, on or about the 1st day of October, 1909, conspired together to prevent plaintiffs from occupying said pasture by taking possession thereof, and by force and arms drove plaintiffs and their servants from the same; that if they had not been prevented by the defendants from grazing cattle upon the pasture they could and would have realized

the further sum of at least $30,000; and that by reason of said trespass the said defendants are still preventing plaintiffs from pasturing the said cattle on the property.

The action brought in this court is predicated upon the proposition that under the provisions of section 5580, Comp. Laws 1909, the same was cognizable only by the district court of Murray county, wherein the land lay. Said section reads as follows:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in section 5581 [which is not pertinent hereto]: 1st, For the recovery of real property, or of any estate or interest therein, or the determination in any form of any such right or interest. 2nd, For the partition of real property. 3rd, For the sale of real property under a mortgage, lien or other incumbrance or charge. 4th, To quiet title, to establish trust in, remove a cloud on, set aside a conveyance of, or to enforce or set aside an agreement to convey real property."

Plaintiffs in this court rely for recovery upon the first clause of the said paragraph, and insist that this action is for the recovery of real property, or some estate or interest therein, or for the determination of some right or interest. We are not able to so view it. The action sounds in tort, and relates, not to damages or injury to or the recovery of any interest in and to the real property, but for damages or injury by reason of wrongful acts of defendants resulting to the cattle of plaintiffs. No prayer is made for the recovery of real estate, or any interest therein, nor for the determination in any form of any right or interest the plaintiffs or defendants may claim in and to any real estate. The rule seems to be as stated in 40 Cyc. 69, as follows:

"Where the subject-matter of the suit, although having relation to land, is, in legal effect, and as concerns the aim of the suit at bar, personal property, rather than real estate, the venue is not restricted to the location of the land."

The doctrine is well stated in *Mason v. Warner et al.,* 31 Mo. 508; the court in that case, in the syllabus, saying that "injuries to persons and personal property are transitory, not local." In the discussion of the case, Dryden, J., says:

"Actions are either transitory or local. They are said to be transitory where the transactions on which they are founded

might have taken place anywhere, but are local where their cause is in its nature necessarily local. [*Livingston v. Jefferson*] 1 Brock. 209 [Fed. Cas. No. 8,411]. The distinction exists in the nature of the subject of the injury complained of, and not in the means by which, or the place at which, the injury was effected. My horse or my steamboat, being movable, is the subject of injury as well in one county as another, as well in one state as another; but this cannot be affirmed of my land, which is immovable. If an agister of cattle open a pit in his field, and negligently leave it open, whereby my horse at pasture is permitted to fall into it and is killed, the means and place of injury are local, but the subject of the injury (the horse) is transitory, and capable of injury as well at one place as another. But if my horse trespass upon the agister's field, break the close, and tread down and eat his grass, here the means of injury (the horse) is movable, transitory; but the subject of the injury (the realty) is immovable, local, and therefore is not capable of being injured at any other place. The counsel for the defendant seems not in his brief to have taken this distinction, but to have fallen in the error of making the means of the injury, rather than the nature of the subject of it, the test of whether the action is local or transitory."

The same error into which counsel in that case fell, it seems to us, is the identical one into which counsel in the case at bar have fallen. The cattle of plaintiffs could as well have been the subject of injury in one county as another; and where that is the case the action is transitory, and may be brought wherever service may be had upon the defendants. On the other hand, if injury had been done to the possession or interest of the plaintiffs in the land itself, and action had been brought to recover for this damage or interest in Carter county, then the action of prohibition which plaintiffs have here brought would lie.

Under these circumstances, therefore, the application for the writ is denied.

HAYES and KANE, JJ., concur; TURNER, C. J., and WILLIAMS, J., absent, and not participating.