## HARWELL et al. v. WOOD.

No. 11386—Opinion Filed July 10, 1923.

Rehearing Denied Jan. 15, 1924.

Second Rehearing Denied April 1, 1924.

**1. Trial—Direction of Verdict.**

"Where the evidence introduced by the plaintiff makes out the plaintiff's case, and the defendant introduces no evidence to rebut it, the court should instruct a verdict for plaintiff." City of Claremore v. Southwestern Surety Company, 82 Okla. 118, 198 Pac. 573.

**2. Venue—Transitory Actions.**

Under section 6006 Comp. Stat. 1921, an action to recover damages for the loss of rents from real estate resulting from the wrongful acts of defendants in ejecting or excluding plaintiff from possession and use of same is a transitory action, and may be brought in any county where the defendants may be summoned.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; John L. Coffman, Assigned Judge.

Action by S. G. Wood against T. A. Harwell and another for damages. Judgment for plaintiff, and defendants bring error. Affirmed.

D. F. Spradling, for plaintiffs in error.

Sigler & Jackson, for defendant in error.

Opinion by THREADGILL, C. This is a case in which S. G. Wood, defendant in error, hereinafter called plaintiff, brought an action against T. A. Harwell and F. E. Martin, plaintiffs in error, hereinafter called defendants, to recover damages in the sum of $1,080 under section 6006, Comp. Stats. 1921, which section reads as follows:

"For forcibly ejecting or excluding a person from the possession of real property, the measure of damages is three times such a sum as would compensate for the detriment caused to him by the act complained of."

The plaintiff alleged and contended that the defendants and one C. R. Thompson conspired together for the purpose, and did accomplish their purpose, of dispossessing him and excluding him from 120 acres of land situated in Jefferson county, Okla. That he had the land rented from Aben Wallace, a full-blood Choctaw Indian, for the year 1917, and in December of said year he made a written contract with said allottee for the year 1918, and was in possession through his tenant, a man by the name of Neal. That the rental value of the land for the year 1918 was the sum of $360; and he contends that he is entitled to $1,080, as damages, by reason of being dispossessed of said land and by the wrongful acts of the said defendants. The defendants contend that the suit is in the nature of a local action and the court in Carter county is without jurisdiction of the subject-matter, and they demurred to the amended petition of the plaintiff on this ground. The court overruled the demurrer; the defendants excepted.

They filed their answer, and contend that they had a right to the possession of the land in controversy for the year 1918 by virtue of a written contract made by them with the said allottee in July, 1917, and otherwise the answer is a general denial.

The issues were tried to a jury the 7th day of November, 1919. The testimony showed that the allottee of the land was a full-blood Choctaw and the land involved was the restricted homestead, and in the possession of the plaintiff during 1917, and that he made a contract in December, 1917, with the allottee for the premises for 1918; that the defendants secured a contract with the allottee in July, 1917, through their agent, but failed to pay the Indian any consideration; that the defendants took part in taking possession of the premises through a man by the name of Thompson and helped him hold possession against the plaintiff during the year 1918, and prevented the plaintiff from collecting any rents from the lands. That the reasonable rental value of said premises for the year 1918 is the sum of $300. These facts were not contradicted by the testimony of the defendants. At the close of the testimony the plaintiff offered a motion for an instructed verdict for the sum of $900, which was sustained by the court, and the jury returned a verdict for $900 and judgment was entered for this sum against the defendants, to all of which they excepted. The cause is brought here by petition in error and case-made, and the defendants contend and urge in their brief—

"First. That it was error for the court to instruct the jury to return a verdict for plaintiff in the sum of $900.

"Second. That the court was without jurisdiction of the subject-matter of the action."

1. Under the first assignment of error complained of and urged by the defendants, they contend that it was error for the court to instruct the jury to return a verdict in favor of the plaintiff for the sum of $900 on

his request therefor. They cite several authorities to support this contention: Buckeye Engine Co. v. City of Cherokee, 54 Okla. 509, 153 Pac. 1166; Roger v. Henry, 48 Okla. 759, 150 Pac. 722; Gregory v. Harper, 51 Okla. 419, 152 Pac. 70; Smith v. Rockett et al., 79 Okla. 244, 192 Pac. 691.

They say that according to these authorities the plaintiff is held to the strictest rule of proof; that is, he is required to prove all the facts to bring the transaction under the condemnation of the statute, and they contend that the plaintiff did not approach the requirements of this rule.

We agree with the contention of the defendants as to the strict requirements of the proof in cases of this character and are in hearty accord with the doctrine laid down in the cases cited, but we cannot agree with the defendants that the proof of the plaintiff is not sufficient to bring the transaction he pleads, as the basis for recovery, under the condemnation of the statute.

In the case of Buckeye Engine Company v. City of Cherokee, supra, the evidence was conflicting as to the transaction relied upon by the plaintiff to recover, and in such a case the court laid down the rule contended for by the defendants and reversed the judgment on the ground that a directed verdict should not have been given.

In the case of Roger v. Henry, supra, a motion was made for an instructed verdict and overruled by the court, and this court held that the order overruling of the motion for an instructed verdict was correct because the testimony was conflicting.

In the case of Gregory v. Harper there was a conflict in the testimony, and the court instructed a verdict, and the judgment was reversed.

In the case of Smith v. Rockett et al., supra, the testimony was conflicting, and the court refused to direct a verdict, and this court approved the action of the trial court and affirmed the judgment; but in the case at bar there is no conflict in testimony as to the possession of the plaintiff during the year 1917; as to his contract with the allottee in December for the year 1918; as to the defendants obtaining a contract with the allottee in the summer of 1917; as to the allottee being a full-blood Choctaw Indian, and the land in question a homestead allotment; as to the defendants taking part with and assisting Thompson in holding possession of the land against the demands of the plaintiff during the year 1918; as to the rental value of the land; as to the defendants getting the rents for the year 1918—all these facts being uncontradicted, the testimony is sufficient to bring the transaction complained of by the plaintiff and relied upon for damages against the defendants under the condemnation of the statute.

Viewing the testimony as we do, we think the action of the court in sustaining the motion for a directed verdict is correct. Hamilton v. Blakeney, 65 Okla. 154, 165 Pac. 141; Byars v. Ingram, 51 Okla. 440, 151 Pac. 1061; City of Claremore v. Southwestern Surety Co., 82 Okla. 118, 198 Pac. 573.

2. In the next place, defendants contend that the district court of Carter county did not have jurisdiction of the subject-matter of the suit, because the land involved was in Jefferson county. They base their contention on clause 1, section 199, Comp. Stats. 1921, which reads as follows:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section: First. For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest."

But this court, in the case of Dunn & Gilliam v. District Court of Carter County, 35 Okla. 38, 128 Pac. 114, in passing on a question very similar to the one presented here and in construing section 6006, Comp. Stats. 1921, together with the section above quoted, has settled the question raised and complained of by the defendants against their contention, using the following language:

"Where an action is brought to recover damages occasioned by an alleged conspiracy on the part of the defendants to deny plaintiffs the right to use certain land for pasture for cattle, and no judgment or relief is asked as to the real estate, the same involves damages to personal property, and is therefore transitory. * * *

"The action brought in this court is predicated upon the proposition that under the provisions of section 5880, Compiled Laws 1909, the same was cognizable only by the district court of Murray county wherein the land lay. Said section reads as follows: 'Actions for the following causes may be brought in the county in which the subject of the action is situated, except as provided in section 5881 (which is not pertinent hereto.) 1. For the recovery of real property, or of any estate or interest therein, or the determination in any form of any such right or interest. 2. For the parti-

tion of real property. 3. For the sale of real property under a mor'gage, lien or other encumbrances or charge. 4. To quiet title, to establish trust in. remove a cloud on, set aside a conveyance of, or to enforce or set aside an agreement to convey real property.'

"Plaintiffs in this court rely for recovery upon the first clause of said paragraph, and insist that this action is for the recovery of real property, or some estate or interest therein, or for the determination of some right or interest. We are not able to so view it. The action sounds in tort, and relates not to damages or injury to or the recovery of any interest in and to the real property, but for damages by reason of wrongful acts of defendants resulting to the cattle of plaintiffs. No prayer is made for the recovery of real estate, or any interest therein, nor for the determination in any form of any right or interest the plaintiffs or defendants may claim in and to any real estate. The rule seems to be as stated in 40 Cyc. 69, as follows: 'Where the subject-matter of the suit, although having relation to land, is, in legal effect, and as concerns the aim of the suit at bar, personal property, rather than real estate, the venue is not restricted to the location of the land.' "

To the same effect is Hill v. Missouri Pacific Railway Co., 146 Pac. 351, being a Kansas case, and also State v. Deering, 79 S. W. 454, being a Missouri case. The rule is clearly stated in 40 Cyc. 58, as follows:

"Incidental Determination of Title or Interest— (a) The General Principle. There are various and important classes of actions which may involve the determination of an interest in land, or of title to it, but involve it as merely a collateral, although perhaps a vital, inquiry to the granting of the relief sought. In these cases the courts, following the historic test of equity jurisdiction, and a less common test of legal jurisdiction, incline to hold the action transitory. notwithstanding the broad terms of the statute The action must be brought where the land lies if these two things concur: (1) If the subject of inquiry is a right or interest in the land. and (2) if the judgment in the case will operate directly upon this right or interest. But the action under this doctrine is not within the rule. although its subject of inquiry is such right or interest if the judgment operates merely in personam. The result is to distinguish actions for the determination of an interest in land from actions which involve the determination of such an interest. but will take effect in an injunction commanding defendant to do an act which can be done by him within the jurisdiction of the court or in a judgment for pecuniary damages for breach of a contract."

The judgment is affirmed.

By the Court: It is so ordered.