**MYERS v. GARLAND et al.**

No. 17811—Opinion Filed Nov. 23, 1926.

(Syllabus.)

**Partnership—Venue—Transitory Action—Bill in Equity by One Alleged Partner Against Another for Declaration of Partnership and Accounting of Property Including Estate in Real Property.**

A bill in equity filed by one member of an alleged partnership against another member thereof for a declaration of the partnership and for an accounting, in which it is charged that certain property was and is partnership property, is a transitory action and the venue thereof is governed by section 207, C. O. S. 1921; and this is true even if an estate in real property is by the bill drawn in question, the plaintiff pleading that the estate in the real property belongs to the partnership as such. Such allegations, if traversed by the defendant in a court of competent jurisdiction, would form an issue for trial as an incident to the primary relief prayed in the bill, to wit, the declaration of the partnership, the determination of its assets, and the accounting as between the members thereof.

Error from District Court, Seminole County; Wyley Jones, Assigned Judge.

Action by F. F. Myers against R. F. Garland and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Twyford & Smith, for plaintiff in error.

Disney, Wheeler & Alcorn, West, Gibson, Sherman, Davidson & Hull, Willmott, Roberts & Looney, T. J Flannelly, and Paul B. Mason, for defendants in error.

BRANSON, V. C. J. Error is prosecuted herein from the district court of Seminole county. The plaintiff in error is one F. F. Myers; the defendants in error are R. F. Garland, the Sinclair Crude Oil Purchasing Company, a corporation, Oklahoma Pipe Line Company, a corporation, Gulf Pipe Line Company, a corporation, Carter Oil Company. a corporation, and Prairie Oil & Gas Company, a corporation. Judgment was rendered against the plaintiff. A plea to the jurisdiction was interposed by the defendant Garland by special appearance for that purpose only, on the ground that the action brought by the plaintiff was transitory, and that service was had upon the defendant Garland in Tulsa county, Okla. This plea being sustained, plaintiff's petition was dismissed. This action on the part of the trial court is alleged as error. The other defendants named were made parties for ancillary relief, to wit, receivership.

The defendant against whom substantial relief is prayed is R. F. Garland. The question here is venue. The trial court held that the venue was not in the district court of Seminole county, but that the same was governed by section 207, C. O. S. 1921, which is a part of the chapter on Procedure Civil and particularly on venue. Section 199, C. O. S. 1921, and subsequent sections determine the venue in the character of the causes of actions therein referred to. The said section 207 provides:

"Every other action must be brought in the county in which the defendant * * * resides or may be summoned."

It is the contention of the defendant that the action here in question does not fall within any of the other provisions of the statute governing venue, and is, therefore, within the general provisions of the said section 207 as quoted above, and particularly he asserts that the instant case is a personal action and must be brought in the county in which the defendant Garland resides or may be summoned.

We deem it unnecessary to engage in an extended discussion of the venue statutes. There is before us in this case nothing except the plaintiff's petition, the fact that it was filed in the district court of Seminole county; that service was made on defendant in Tulsa county/ and the plea to the jurisdiction of the defendant. We must determine from these alone whether plaintiff pleads a personal action, and therefore one the venue of which is governed by the said section relied upon by the defendant.

The plaintiff, as is within his right, makes his allegations as to the formation of the alleged partnership and his allegations as to the defendant's relation thereto and his conduct as to the alleged partnership. They constitute his first pleading, his petition. Whether the forum chosen by him was the correct

forum must be determined by these allegations. They are binding upon him in determining the question of venue on the motion of the defendant presented to the trial court. There is no means known to our system of pleading except that plaintiff's theory of his cause of action or bill must be determined by a construction of the allegations the plaintiff inserts or causes to be inserted therein, where there is nothing except the pleadings before the court. Such allegations are the written information, both to the parties against whom they are directed and to the court. and by them alone must be determined any issue as to jurisdiction.

Necessarily, therefore, both the trial court had to determine, and this court must determine, the character of action filed by plaintiff in the district court of Seminole county, and that must be from his petition. We deem it unnecessary to quote it in toto. There are certain paragraphs contained therein which, as we view them, show conclusively the nature of the action, its objects and its purpose. Omitting the formal parts, it charges in substance:  .

That in November, 1925, at Tulsa, Okla., the plaintiff and the defendant Garland entered into a verbal partnership contract and agreement, whereby they became partners for the purpose of acquiring and developing oil and gas mining leases, and to produce oil and gas in the state of Oklahoma and elsewhere; that the expenses and profits were to be shared equally, and that the plaintiff put into said partnership a large amount of acreage of oil and gas mining leases in Harper county. Kan.; that the partnership as such acquired oil and gas mining leases upon the south half of the northeast quarter of section 26; the southwest quarter of the southwest quarter of section 26; the southwest quarter of the southwest quarter of section 23; the southeast quarter of the southwest quarter of section 27, all in township 9 north, range 6 east of the Indian Base and Meridian, Seminole county. Okla. (the land thus described will be referred to as the Seminole lease [ours]; that the partnership as such was required to drill a well on the said Seminole lease and the partnership made a drilling contract with the Independent Oil & Gas Company to drill the well for one-half interest in the leaseholds, which well was drilled, resulting in a large producer of crude petroleum; that the defendant Garland looked after the said Seminole leases and the plaintiff looked after the Kansas leases; that prior to the drilling in of the well on the Seminole leases above mentioned and in April, 1926, the defendant Garland made certain representations to the plaintiff with the fraudulent intent of acquiring the Seminole leases for himself personally and made certain statements coer-

cive in their nature all of which induced the plaintiff to make an instrument in the form of an assignment to all the interest he had in the said Seminole leases to the said Garland; that by such statements the defendant violated the confidential and fiduciary relation existing between these partners and that for the purpose of procuring the interest of the plaintiff in the partnership in the said Seminole leases; that said partnership has never been mutually or legally dissolved, but that the plaintiff is now. desirous of having the same dissolved and has legal cause for such dissolution because of the facts set out; that the defendant Garland is not the owner of any property outside of his partnership property involved herein, and that the other defendants are receiving the oil from the wells drilled on said Seminole leases and that a receiver should be appointed to take charge of the same.

That inasmuch as said partnership has never been dissolved legally and the plaintiff has never had an accounting thereof, that the partnership and plaintiff have no adequate remedy at law; it is necessary in order to preserve the property of the partnership that a receiver be appointed for the properties.

Further pleading, plaintiff says that by reason of these facts plaintiff is entitled to have said partnership dissolved, to have an accounting with and against the defendant Garland in respect to moneys received by him or through the partnership, and to have a judgment and decree vacating and setting aside and holding for naught the pretended and fraudulent assignment made by the said plaintiff to the said Garland and to restore to the said partnership the said property.

We think that the said petition pleads a cause in equity for the declaration of, and dissolution of an alleged partnership, for an accounting between the partners and a determination of what properties belong to the partnership. Its allegations assert that the leases in question are a part of the partnership property, and that, although there is a pretended assignment of record covering the said leases, the petition declares that the said leases belonged to the partnership, and in determining the accounting that the said leases and the revenue arising therefrom should be taken into consideration by the court in setting aside to each partner the respective interest the court finds is due him.

From the allegations of the plaintiff's bill we see no alternative other than that the said leases were intended to be owned and held by the members of the partnership as partnership property in whosesoever name they were of record. This being true. it follows as a matter of law that the form of

the conveyances of record does not determine the status of the ownership of the property in equity, for it is well settled that where an estate in real property, whatever that estate may be, is of record in the names of the individual members of a partnership or one of such, that property, if paid for by partnership funds, is partnership property and must be so treated and considered in all actions such as here. Hogle v. Lowe, 12 Neb. 286; Fowler v. Bailley, 14 Wis. 125; Gossett v. Kent, 19 Ark. 602; Uhler v. Semple. 20 N. J. Eq. 288; Hiscock v. Phelps, 49 N. Y. 97.

It must be noted that this is not an action by a partnership, through the members thereof, to vacate and set aside, on the ground of fraud or some other ground of which equity would take cognizance, an alleged conveyance of oil and gas leases to some third person. This action is nothing other from the face of the bill than to declare a partnership, secure an accounting as between the members of the partnership, and that the leases in question be adjudged assets, held by the defendant as such, and same should be considered in the accounting.

The plaintiff says, however. that there is a dispute, by reason of the alleged assignment, as to this property being partnership property. But there is no dispute in this record. The plaintiff alleges that it is partnership property and there is nothing before us to show that the plaintiff will ever dispute the allegation that it is partnership property. Even should he dispute it by a proper pleading filed in a court of jurisdiction of an action such as plaintiff pleads, the question then presented is whether or not it is partnership property. Should the defendant assert it is not partnership property and assert that the allegations of the plaintiff's petition that it is are not true, that would constitute an issue for determination. Many such issues might arise, as to what is or is not partnership property, all of which must necessarily be determined by the trial court antecedent to granting the relief of accounting plaintiff alleged he is entitled to.

In actions such as here. an estate in real property. in determining the proper judgment that should be entered between the parties, is considered personalty. The rule as to this is stated in 30 Cyclopedia of Law and Procedure. page 559. wherein the commentator, supported by authorities, states the rule:

"The jurisdiction of a court of equity over proceedings connected with the settlement of partnership affairs is very broad and full, extending to real property outside of the county or state. * * *"

This court in the case of Chowning v. Graham, 74 Okla. 232, 178 Pac. 676, said:

"Real estate belonging to a partnership is considered personalty, but where a suit is instituted, the nature of which is to terminate the partnership and establish the interest of the parties, where the partnership is not indebted, the court has power to award each of the partners their respective interest in such real estate and make them tenants in common. * * *"

It may not be amiss to say that from the intendment of the petition, hereinabove set out, we reach our conclusion as to the character of the action as much as from what is not pleaded as from what is pleaded. Some of the allegations, if taken alone, might be considered as a suit to rescind, vacate, and set aside a conveyance of an estate in real property, to wit, the assignment of the oil and gas mining leases in question. But, when taken in its entirety, it is not such an action. Taken in its entirety, it is, as above stated, a suit in equity to declare a partnership, to have adjudged that certain assets belong to the partnership, and for an accounting. Reaching this conclusion, the action was transitory within the technical meaning of this term as applied to venue of actions. The venue of such an action is governed by the said section 207, C. O. S. 1921. The plea to the jurisdiction was properly sustained by the trial court, and its judgment is affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.