J. F. SMITH, Inc., v. PATTON.

No. 29655. April 1, 1941.

*112 P. 2d 170.*

Saunders & Van Wagner, of Shawnee, for plaintiff in error.

Lester E. Smith of Wewoka, and Chas. B. Hickok, of Shawnee, for defendant in error.

RILEY, J. This action was commenced before a justice of the peace of Pottawatomie county by Frank Patton to recover damages in the sum of $173, claimed to have been sustained by careless and negligent oil operations of defendant on lands leased and occupied by Patton in Seminole county. The alleged damages were itemized as damage to summer pasture, burned pasture, stock field pasture, cost of repairing fence, etc., damage to stock, roads, etc.

J. F. Smith, an individual, and J. F. Smith, Inc., a corporation, were made defendants.

The first summons issued and served was apparently defective as to the corporation. An alias summons as to the corporation was issued and served. The corporation appeared specially and moved to quash the summons and service, coupled with a plea to the jurisdiction of the court, of the person and the subject matter.

This motion and plea was overruled. The action was dismissed as to defendant

J. F. Smith and upon trial judgment was entered for plaintiff against the corporation. Within ten days thereafter the corporation prepared and presented its bill of exceptions, which was signed by the justice of the peace.

The petition in error with the bill of exceptions attached was filed in the district court of Pottawatomie county. The only assignment of error was the overruling of the motion to quash.

The district court affirmed the ruling of the justice of the peace, and the corporation appeals.

The alias summons is regular as to form and the return of the constable shows proper service on the corporation in Pottawatomie county.

The corporation first contends that the justice of the peace was without jurisdiction because the bill of particulars shows that the land plaintiff had leased and upon which the alleged damages were sustained is in Seminole county, and that by section 109, O. S. 1931, subdivision 1, 12 Okla. Stat. Ann. § 131, this action could be maintained only in Seminole county.

The provisions of the section relied upon are:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section:

"First. For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest. . . ."

This is not such an action. There is nothing in the bill of particulars which would indicate that plaintiff was seeking recovery of real property, or any estate or interest therein, or that he sought the determination in any form of any such right or interest. There is no claim of damage to the freehold.

Under the rule stated in Harwell et al. v. Wood, 98 Okla. 196, 221 P. 1023, and Dunn et al. v. District Court of Carter County, 35 Okla. 38, 128 P. 114, the action is transitory and venue is not restricted to Seminole county.

It is next contended that J. F. Smith, Inc., is a foreign corporation, and that service of summons by delivery of a copy thereof to its president, though found in the county where the action was brought, is not authorized, and that service can only be made upon a foreign corporation by serving the resident agent duly appointed to accept service.

The difficulty in this connection is that there was no allegation in the motion that the corporation was a foreign corporation. There was no evidence before the justice of the peace to that effect. The bill of exceptions shows no evidence on that question. Under the record before it, the district court was correct in affirming the ruling of the justice of the peace.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN and GIBSON, JJ., concur.