PACE et al. v. OTT et al.

No. 29876. July 8, 1941.

*115 P. 2d 253.*

S. H. Singleton, of Oklahoma City, and Brown & Cund, of Duncan, for plaintiffs in error.

H. B. Lockett, of Duncan, for defendants in error.

PER CURIAM. The defendants in error, hereinafter referred to as plaintiffs, instituted this action in the district court of Jefferson county against the plaintiffs in error, hereinafter referred to as defendants, and others not here involved, to recover damages alleged to have been sustained as the result of pollution of land in Stephens county by oil and salt water. The specific items of damage claimed were the destruction and injury of growing trees and grass and a decrease in milk production as a consequence of pollution of a stream which was used to water cattle. The defendants by special appearance and motion to dismiss challenged the venue, and when these were overruled, saved proper exceptions and filed demurrers, but without obtaining a ruling thereon thereafter filed answers which consisted of a general denial, a plea of contributory negligence, and a plea in the nature of a special demurrer. The plaintiffs effected a settlement with the other parties involved and dismissed the action as to them. Thereupon the defendants moved to dismiss the cause as against them, and when this was overruled, proceeded to trial before a jury. The defendants demurred to the evidence of plaintiffs and at the close of all of the evidence moved for directed verdict, and saved their exceptions to the action of the court in denying each of said motions. The jury returned a verdict in favor of the plaintiffs and assessed their recovery at the sum of $600. Motion for new trial was overruled, and defendants have perfected this appeal.

The defendants assign 17 specifications of error, which they present and discuss under eight propositions. It will not be necessary to discuss each of these contentions in detail for the reasons hereinafter appearing.

We are first called upon to determine whether the action of plaintiffs was a local rather than a transitory one and therefore one which had to be brought in Stephens county, and if the action was a transitory one, then whether the

action was properly brought in Jefferson county. As said in the case of Mills v. District Court of Lincoln County, 187 Okla. 247, 102 P. 2d 589:

"The distinction between local and transitory actions, where title to real estate is involved, is generally recognized. Where the title will be directly affected by the judgment of the court, the action is local, and venue is properly laid in the county where the land lies; but when the title is only incidentally affected, or the relief as to it is incidental to the main controversy or primary purpose of the action, the action is transitory, and the proper venue is the county wherein the defendant resides or may be summoned. Myers v. Garland, 122 Okla. 71, 251 P. 34; Little Nick Oil Co. v. District Judge, 182 Okla. 94, 76 P. 2d 379; Le Breton v. Superior Court, 66 Cal. 27, 4 P. 777; Rossi v. Caire, 174 Cal. 74, 161 P. 1161; State v. Superior Court of King County, 7 Wash. 306, 34 P. 1103; Zane v. Vawter, 102 Kan. 887, 172 P. 37; State ex rel. v. District Court, 120 Minn. 99, 139 N. W. 135; Carpenter v. Strange, 141 U. S. 87, 11 S. Ct. 960, 966; Massie v. Watts, 6 Cranch (U. S.) 160; Bancroft, Code Practices & Remedies, sec. 982, Supp.; 27 R.C.L. 794, sec. 15; 67 C. J. 24; 67 C. J. 52, sec. 65."

The action of the plaintiffs was one to recover for damages done to land which belonged to them and was not one to recover real estate nor any interest therein and therefore did not come within the provisions of subdivision 1, of section 109, O. S. 1931, 12 Okla. St. Ann. § 131. See Dunn & Gilliam v. District Court, 35 Okla. 38, 128 P. 114; Harwell v. Wood, 98 Okla. 196, 221 P. 1023; Hill v. Missouri Pac. Ry. Co., 94 Kan. 254, 146 P. 351.

The alleged tortfeasors with whom the plaintiffs effected a settlement never questioned but what they had been properly served with summons in Jefferson county and apparently recognized that they had been proceeded against properly in said forum either by reason of the provisions of section 115, O. S. 1931, 12 Okla. St. Ann. § 137, or those of section 125, O. S. 1931, 18 Okla. St. Ann. § 481, and the record does not contain any affirmative evidence to the contrary. The plaintiffs were not compelled to allege in their petition the jurisdictional facts if they existed. See Whitehead v. Cox, 95 Okla. 198, 218 P. 867. And since the jurisdiction was not made dependent upon the allegations contained in the petition, plaintiffs were not required to make the proof thereof as was the case in Phillips Petroleum Co. v. Smith, 177 Okla. 539, 61 P. 2d 184. If the other alleged joint tortfeasors were properly summoned in Jefferson county, and which, under the record before us, we must presume to be the fact, then the defendants could properly be summoned and required to defend the cause in said county. See section 167, O. S. 1931, 12 Okla. St. Ann. § 154; Pine v. Superior Court of Seminole County, 172 Okla. 70, 39 P. 2d 530.

The contention of the defendants relative to the failure of proof and the sufficiency of the evidence to support the verdict and judgment presents the decisive issue for consideration. The plaintiffs offered no proof whatsoever of the value of the premises prior to the injury and thereafter. This court has repeatedly held that in an action of this kind, proof of this nature is essential to a recovery. As said in Denver Producing & Refining Co. v. Bunch, 172 Okla. 209, 45 P. 2d 117:

"In an action for injury to orchard brought by owners of land on which same is located, in which no evidence is offered on value of premises before and after injury, and where that question is raised by demurrer to evidence and motion for directed verdict, and proper exceptions taken, it is error to overrule a motion for new trial."

See, also, Twin State Oil Co. v. Long, 170 Okla. 413, 40 P. 2d 650; Sinclair Oil & Gas Co. v. Allen, 143 Okla. 290, 288 P. 981. The plaintiffs not only failed to offer any competent evidence upon the main items of damage claimed by them, but also wholly failed to offer any evidence upon the item of injury which they alleged had resulted in a decrease in production of milk from their cattle, and on this item relied

wholly upon proof of drop in milk production and the assumption that this must have been due to drinking polluted water, since plaintiffs had no other reason to offer. This was to make their basis of recovery on this item rest wholly upon supposition, speculation, and surmise. This court has repeatedly held that a verdict of a jury cannot be based upon such predicate. Prest-O-Lite v. Howery, 169 Okla. 408, 37 P. 2d 303.

The evidence of the plaintiffs being wholly insufficient to support a recovery in their favor upon any theory and in any amount, the trial court should have sustained the demurrer of the defendants thereto, and when he did not do so, then on timely motion he should have directed a verdict in favor of the defendants. On account of error in overruling such demurrer and motion for directed verdict, the cause is reversed and remanded, with directions to grant a new trial.

CORN, V. C. J., and BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur.