SOHIO PETROLEUM CO. et al. v. BRANNAN.

No. 32900.   Jan. 6, 1948.

*189 P. 2d 193.*

Rainey, Flynn, Green & Anderson, of Oklahoma City, for plaintiffs in error.

H. A. Ledbetter, of Ardmore, and Looney, Watts, Fenton & Billups, of Oklahoma City, for defendant in error.

GIBSON, J. Plaintiffs in error, defendants below, prosecute this appeal from a judgment of the district court of Murray county awarded defendant in error, plaintiff below. Several errors are assigned for reversal, but we deem it necessary to consider only the one challenging the right of the court to entertain the action because of the alleged absence of venue in said county.

It is alleged in the petition that the plaintiff is a resident of Love county; that the defendants Thomas E. Nix and Guy G. Jameson are residents of Oklahoma county; that defendant the Sohio Petroleum Company is a nonresident corporation, and George M. Green, a resident of Oklahoma county, in Oklahoma City, is its designated agent upon whom process can be served; that plaintiff is owner of oil and gas lease covering lands in Murray and other counties; that in Love county plaintiff entered into a contract with defendants for sale to the latter of said lease so far as it covered the lands located in Murray county for a cash consideration of $16,520 and a proportion of the oil produced to the credit of the lessee's interest; that in pursuance thereof the lease and an assignment thereof with sight draft for said amount attached thereto was deposited in the First National Bank & Trust Company of Oklahoma City where, upon payment of such draft, the lease and assignment were to be delivered; and the failure of defendants to pay said draft. The prayer of the petition is for specific performance, compelling the payment of the amount of said draft, or in the alternative for damages in like amount.

The summons was directed to Oklahoma county and served personally upon the individual defendants and upon the corporation by service on its designated agent. Each of the defendants, appearing specially, filed a motion to quash the service and excepted to the action of the court in overruling the same.

The plaintiffs in error contend that the action is transitory in character, the venue controlled by Tit. 12, O. S. 1941 §139, under which the venue lies in Oklahoma county, unless by virtue of Tit. 12, O. S. 1941 §131, Murray county is prescribed as the venue, and that on authority of Widick v. Phillips Petroleum Co., 173 Okla. 325, 49 P. 2d 132, it is susceptible to no such construction.

Defendants' contention is stated as follows:

"This action being one to specifically enforce a contract to convey an oil and gas lease, the action is properly brought in the county where the oil and gas lease covers land; which is the subject of the action."

Reliance is had upon sections 131 and 132 of Tit. 12, O. S. 1941, and section 471 of Tit. 18, O. S. 1941. Section 131 is as follows:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section.

"1st, For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest.

"2nd, For the partition of real property.

"3rd, For the sale of real property under a mortgage, lien, or other encumbrance or charge.

"4th, To quiet title, to establish a trust in, remove a cloud on, set aside a conveyance of, or to enforce or set

aside an agreement to convey real property."

The only language in section 132 that could be material is the following:

"An action to compel the specific performance of a contract to sell real estate may be brought in the county where the land lies or where the defendants, or any of them reside or may be summoned."

Section 471 is as follows:

"Any foreign corporation, doing business in the State of Oklahoma, and any person now or hereafter having any cause of action against such corporation, arising on contract, tort, or otherwise, may file suit in any county in the State of Oklahoma where the plaintiff resides or where said corporation has its principal place of business, or has property, or in any county where said corporation has an agent appointed upon whom service of summons or other process may be had."

And as supporting the applicability of section 131 to the instant action, there are cited cases from this and other jurisdictions to which we will later refer. Concerning the applicability of section 471, no argument is presented and it may be disposed of by saying the petition alleges no fact upon which its applicability may be predicated.

In Dunn et al. v. District Court of Carter County, 35 Okla. 38, 128 P. 114, we held:

"Where an action is brought to recover damages occasioned by an alleged conspiracy on the part of defendants to deny plaintiffs the right to use certain land for pasture for cattle, and no judgment or relief is asked as to the real estate, the same involves damages to personal property, and is therefore transitory."

And we stated in the opinion:

"The rule seems to be as stated in 40 Cyc. 69, as follows:

" 'Where the subject-matter of the suit, although having relation to land, is, in legal effect, and as concerns the aim of the suit at bar, personal property, rather than real estate, the venue is not restricted to the location of the land."

The doctrine so announced was affirmed and reaffirmed in Continental Gin Co. v. Arnold, 66 Okla. 132, 167 P. 613, 617, and Harwell et al. v. Wood, 98 Okla. 196, 221 P. 1023, 1025, and is well established in this jurisdiction. In Continental Gin Co. v. Arnold, supra, we held:

"Not every action growing out of transactions concerning real property is local. Where the decree sought is to operate on the person, and not upon the real property, the location of the property indirectly affected is not material."

It follows that there is no basis for the application of section 131 or section 132 to the instant case.

This is not an action "to enforce a contract to convey an oil and gas lease" as declared by defendant in error, because from the relief sought it is obvious that the action is to compel the agreement to purchase by paying the consideration therefor or respond in damages, thus operating in personam and not upon the lease.

The cases of Clark v. Dennis (Ark.) 291 S. W. 807; Allen v. City of Sterling (Colo.) 230 P. 113; Spaulding v. Porter (Colo.) 31 P. 2d 711, and Maverick Oil & Gas Co. v. Howell (Ky.) 237 S. W. 40, are not in point or helpful in determining the question which we consider. There is no need to review the Oklahoma cases relied on, to wit: McCully v. McCully, 184 Okla. 264, 86 P. 2d 786; Strain v. Statler et al., 112 Okla. 233, 240 P. 614; Pasley v. DeWeese et al., 183 Okla. 424, 82 P. 2d 1066, and Mills v. District Court of Lincoln County et al., 187 Okla. 247, 102 P. (2d) 589, further than to say that in each there was involved either real estate or an interest therein coming within the express language of the statute, and they do not conflict with the holdings herein.

Even if it be considered that the title to a lease is an interest in realty, it cannot by implication be deemed to be within the purview of the 4th subdivision because the words "or of any estate or interest therein", which follow the words "real property" in the 1st subdivision, are not included following the words "real property" in the 4th subdivision. Such exclusion being presumed to be intentional, there can be no basis for their inclusion by implication. We so held, with reference to a like omission in the 3rd subdivision, in Widick v. Phillips Petroleum Co., supra, and the principle there announced is equally applicable here.

Judgment reversed and cause remanded, with instructions to sustain the motions of defendants to quash service of summons.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, ARNOLD, and LUTTRELL, JJ., concur. RILEY, J., concurs specially.

———

RILEY, J. (concurring specially). Since defendant in error's action in Murray county was one at law, in which no resort to equity is required, and since the action is to recover damages based on breach of contract for failure of defendants (plaintiffs in error) to pay a consideration for a sale to them of an oil and gas lease, the action resulting in a judgment from which the appeal comes should have been brought in a county of proper venue, i.e., in a county where some one of the defendant's resides, or where some one of them could have been properly summoned, or where the cause of action or some part thereof arose as against the foreign corporation.

Venue did not obtain in Murray county; the action was not to enforce an agreement to convey an interest in real property, but merely one for damages for failure to pay a con-

sideration. The cause of action did not arise in Murray county; none of the parties are shown to have ever been in Murray county, much less to have resided there, prior to the commencement of the action. The defendants in the action made proper objections to the jurisdiction of the court and saved their exceptions. The issue of venue now presented was not waived.

The gist of the action was not for specific performance to establish an interest in land. It was a derivative action, personal in its nature (against persons, to bind persons); it was not in rem (against a thing, to bind a thing); the action was not local but transitory; it was personal, hence could not, over the objection of defendants, be maintained in Murray county.

Contrariwise, had defendants been plaintiffs seeking to establish an interest in land and to acquire the oil and gas lease as evidence of that interest, their action would have had venue in Murray county where the land lies.

Because of the location of the land the object of such a suit would have been to have established such an interest, and in that event, the venue might have been cast in Murray county. Venue is one of the constituent elements of jurisdiction. Jurisdiction is composed of three constituent elements, the first of which is jurisdiction of the subject matter, the second of which is jurisdiction of the parties, and the third is the power of the court to render the particular judgment. Had the action been to establish an interest in real estate in view of the location of the land, a plaintiff seeking to establish that interest might have maintained the action in Murray county.

Thus far I thoroughly agree with the conclusion reached in the majority opinion, but I think it unnecessary to cite such decisions as are cited or to express, without more, that the action dealt with personalty. These decisions

are by no means paragons of perfection. They are the product of the thought of our first virtuous and well-meaning councils. But we should not forever be under the regimen of our barbarous ancestors. The decisions of the earlier courts determined that interests in land, evidenced by instruments in which oil and gas rights were reserved or granted, constituted a form of a mere license. A license of course is revocable at will by the licensor, but an oil and gas lease is not so revocable, hence it is more than a license, it is coupled with an interest. The interest conveyed is an incorporeal hereditament giving right of possession and to reduce to possession an object of ownership constituting property, and while the property, when severed, is a mere chattel, the right by the instrument granted is something more than personalty. It is more than an illimitable vista of hope because the possessor of the right may exercise the contractual, legal right which is defeasable only by his own nonaction or by nature.

When such an issue can be settled by examination of the pleadings and a separation of the false from the ultimate truth, as in the case at bar, there is no need to rely on such opinions as Widick v. Phillips Petroleum Co., 173 Okla. 325, 49 P. 2d 132, nor to construe the fourth subdivision of Title 12, O. S. 1941 §131, because if the first subdivision applies to a mere action in damages, which it does not, that, in itself, is sufficient.