Ova WILSON, Plaintiff in Error,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a Corporation, and H. Kenega, Defendants in Error.

No. 41314.

Supreme Court of Oklahoma.

June 6, 1967.

Whit Pate, Heavener, Pat Sullivan, Duncan, for plaintiff in error.

Edward L. Bond, Duncan, Savage, Gibson, Benefield & Shelton, Loyd Benefield, Oklahoma City, for defendants in error.

JACKSON, Chief Justice.

This is an appeal by plaintiff, Ova Wilson, from an order sustaining defendants' demurrer to plaintiff's evidence in an action in which plaintiff sued the defendant railroad company and its engineer for damages resulting from the death of her husband, Cheque Wilson, in an accident at a railroad crossing about 3 miles south of Duncan, Oklahoma.

Wilson was driving his automobile west on a county road approaching the railroad intersection at a slight angle. The train, driven by the engineer and co-defendant, Kenega, was approaching from the south. In the ensuing collision, Wilson was killed.

From the remarks of the trial judge in the record, it is clear that the demurrer was sustained and the cause dismissed because there was no showing of negligence on the part of the defendants.

In passing upon a demurrer to the evidence, the court does not weigh the evidence. The demurrer admits every fact which the evidence in the slightest degree tends to prove, and all inferences and conclusions that may be reasonably and logically drawn from the same, and, where there is any conflict in the plaintiff's evidence that would make any part of it unfavorable to plaintiff, or sustains the defense, the court, in passing upon such demurrer, should consider such evidence withdrawn. Bush v. Middleton, Okl., 340 P.2d 474.

With that rule in mind we now examine plaintiff's evidence in this case.

Plaintiff's first witness was the defendant engineer, Kenega. He testified that the train, consisting of a locomotive and one car, was travelling about 60 miles per hour at the time of the impact. He said he applied the brakes for an emergency stop about 250 feet before he reached the crossing, and that it took about another 1800 feet to stop the train. He was not questioned on direct examination as to whether he sounded the bell or the whistle on the locomotive as required by 66 O.S.1961, § 126. On cross examination he said that he did both.

Mr. Roberts testified for plaintiff that he was employed at a D–X Sunray refinery about a quarter of a mile from the railroad track. He saw the train go by on the morning of the accident and watched it until it got "might near the crossing". He was "aware when the train went by" but did not hear the train whistle. He did not see or hear the actual accident. On cross examination he reaffirmed a statement he admitted having previously made to the effect that " * * *, as far as that goes, it could easily have whistled without my hearing it".

The investigating highway patrolman testified for plaintiff that the driver of the automobile had a clear view of the track for a distance of 460 feet before reaching the intersection. He described the road as a "hard surfaced black-top road which had been recently chatted". He said that at a point on the road 190 feet from the railroad track there were skid marks extending for

133 feet; that from the point where the skid marks stopped to the point of impact was a distance of 57 feet.

There was no evidence that either the train or the automobile was exceeding any legal speed limit at the time of the accident. There was no evidence that the engineer did not sound the bell on the locomotive before the accident.

In her brief, plaintiff argues that the evidence was sufficient in four particulars to go to the jury on the question of negligence; these she designates as "speed", "failure to whistle", "hazardous crossing" and "failure to maintain right of way".

In connection with the argument on speed, plaintiff does not deny that her own witness set the speed of the train at 60 miles per hour; she argues, however, that, because of the testimony that it took about 2000 feet to stop the train with the brakes on emergency stop, "it does not seem unreasonable to believe a jury could have concluded the train must have been traveling as much as 100 miles per hour and such speed as being unreasonable". We are unable to agree with this argument. There was no evidence, expert or otherwise, from which the jury could have computed the speed of the train from the distance required to stop it. In the absence of such evidence, any conclusion by the jury that the train was going "as much as 100 miles per hour" would have been conjecture and speculation and not a proper basis for a finding of negligence on the part of defendants. Pace v. Ott, 189 Okl. 230, 115 P.2d 253.

In connection with the alleged failure to sound the whistle, plaintiff says that "a minimal requirement of statute and case law in the operation of a train is the sounding of a whistle 1320 feet before reaching a crossing" and argues that "the testimony of Mr. Roberts (the refinery employee), *standing alone, and with nothing else*, was sufficient to take the case to the jury" (emphasis supplied).

We are unable to agree. In passing, we note that the statute, 66 O.S.1961, § 126, requires only the sounding of the bell *or* the whistle. As we have seen, there was no evidence that the bell was not sounded. Also, although on direct examination, Mr. Roberts testified that he did not hear the whistle, on cross examination he said he was working near two motors which were cutting coke, and "as far as that goes, it could easily have whistled without my hearing it."

Under the rule stated in Bush v. Middleton, supra, in the consideration of a demurrer to plaintiff's evidence, the trial court is required to consider as withdrawn only that portion of plaintiff's own evidence which is favorable to defendant, *and which is in conflict with other evidence by plaintiff*. We find no conflict between Mr. Roberts' testimony that he did not hear the whistle, and his testimony that "it could easily have whistled without my hearing it". The court was therefore entitled to consider the latter testimony in ruling on the demurrer. Taken together, the answers given by Mr. Roberts amount to uncontradicted testimony that he did not know whether the whistle was sounded or not. For a case considering non-conflicting testimony, see Allen v. Hickman, Okl., 383 P.2d 676, at page 680.

Plaintiff's arguments in paragraphs in her brief entitled "hazardous crossing" and "failure to maintain right of way" may be treated together. In both of them she places particular reliance upon the "loose chat" upon the railroad right of way. However, there was no evidence that the loose chat upon the railroad right of way was so thick as to amount to a traffic hazard, and no evidence that it extended over the travelled portion of the road or had any effect at all upon decedent's control of his vehicle. In this connection we note that under plaintiff's own uncontradicted evidence, the skid marks left by decedent's vehicle were all on the county road as it approached the railroad right of way, and not on the right

of way itself. Therefore, even if there had been excessive "loose chat" on the right of way of the railroad, it could not have been a proximate cause of the accident.

The three cases cited in plaintiff's brief are not helpful. In Chicago, Rock Island and Pacific Ry. Co. v. Taylor, 79 Okl. 142, 192 P. 649, plaintiff was injured when the buggy in which she was riding was thrown into an excavation about 3½ feet deep on the railroad right of way after the horses were frightened by the hissing of steam suddenly discharged from a nearby locomotive. In Midland Valley Ry. Co. v. Townes, 179 Okl. 136, 64 P.2d 712, the defendant railroad company had permitted its right of way, at a public crossing, to become so impassable from mud and mud holes that the automobile of plaintiff's decedent became mired and was struck by the railroad train. In Atchison, T. and S. F. Ry. Co. v. Wooley, 78 Okl. 109, 189 P. 180, plaintiff's horse was damaged when its shoe was caught in a "switch frog" on the railroad right of way at a public crossing. In all of these cases the defect allegedly causing the damage was located upon the railroad right of way. The same is not true here.

■ After a careful review of the record and briefs before us, and considering only the evidence favorable to plaintiff, we find no competent evidence of negligence on the part of defendants.

■ Where a demurrer to plaintiff's evidence is sustained, and it is apparent from an examination of the evidence that plaintiff wholly failed to prove his case, the judgment will be affirmed. Davis v. Lugert-Altus Irrigation District, Okl., 375 P.2d 975.

The judgment of the trial court is affirmed.

IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.